No. 2--04--0337

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, ) No. 00--CF--464

)

v. )

)

JEFFREY B. PERPER, ) Honorable

) Kathryn E. Creswell,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Jeffrey B. Perper, pleaded guilty to driving with a suspended license (625 ILCS 5/6--303(a), (d) (West 1998)), and the trial court sentenced him to 120 days in jail and 2 years of probation.  After his motion to withdraw his plea was denied, defendant appealed.  We vacated the denial of defendant's postjudgment motion and remanded the cause, directing the trial court to modify the judgment to show that defendant was convicted of a Class A misdemeanor; to provide defendant postjudgment admonishments in strict compliance with Supreme Court Rule 605(b) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(b), eff. October 1, 2001); and to allow him to file a new postjudgment motion.  
People v. Perper
, No. 2--02--0136 (2003) (unpublished order under Supreme Court Rule 23).

Defendant now appeals from the denial of his new postjudgment motion, asserting that (1) the trial court did not admonish him in compliance with Rule 605(b) and (2) his appointed counsel did not comply with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)).  We agree with defendant's first claim of error, and we again vacate the postjudgment proceedings and remand the cause.  Our resolution of defendant's first claim makes his second claim moot, so we do not decide it.

Supreme Court Rule 605(b) provides that, after imposing judgment on a nonnegotiated guilty plea, the trial court must admonish the defendant that (1) he has the right to appeal; (2) before taking an appeal, he must file in the trial court, within 30 days after sentencing, a written motion to reconsider the sentence or to withdraw the plea; (3) if the motion is allowed, the sentence will be modified or the plea of guilty, sentence, and judgment will be vacated and a trial date will be set on the charges to which the defendant pleaded guilty; (4) upon the State's request, any charges that may have been dismissed as part of a plea agreement will be reinstated and set for trial; (5) if the defendant is indigent, then (a) a free report of the proceedings at the time of his guilty plea and sentence will be provided, and (b) counsel will be appointed to assist the defendant in preparing the motion; and (6) in any appeal taken from the judgment on the guilty plea, any issue not raised in the defendant's motion shall be deemed waived.  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(b), eff. October 1, 2001.  Rule 605(b) requires strict compliance.  
People v. Jamison
, 181 Ill. 2d 24, 29 (1998).  The remedy for noncompliance is to vacate the denial of the postjudgment motion and remand the cause for correct admonishments.  See 
Jamison
, 181 Ill. 2d at 29-30.

Here, after the cause was remanded, the trial court admonished defendant as follows:

"So, at this point, the Defendant having entered his plea of guilty and been sentenced, he has a right to appeal.

Prior to taking that appeal, Mr. Perper has to file within 30 days of today's data [
sic
] a written motion asking the Court to either reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea, and he must set forth the grounds for the motion.

Counsel has been appointed on that, so he either has to file a motion to reconsider or a motion to have the judgment vacated and for leave to withdraw his plea."

We agree with defendant that these admonishments fell far short of strict compliance with Rule 605(b).  The trial court did not admonish defendant of the consequences of prevailing on his postjudgment motion (requirements (3) and (4)); did not tell defendant that he had the right to a free report of the proceedings at the time of his guilty plea and sentence (requirement 5(a)); and did not inform defendant that any issue that he did not raise in his postjudgment motion would be waived (requirement (6)).  Therefore, under 
Jamison
, we must vacate the postjudgment proceedings and remand the cause for proper admonishments.

The State contends that because defendant did not demonstrate that the deficiencies in the admonishments prejudiced him, he is not entitled to relief.  Our supreme court has indeed read such a limitation into Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001), which applies where a defendant has been convicted and sentenced after pleading not guilty.  In 
People v. Henderson
, No. 98887 (August 18, 2005), the court ruled that, "where a defendant receives incomplete Rule 605(a) admonishments regarding postsentencing motions, no remand is required unless the defendant is prejudiced or denied real justice as a result of the inadequate admonishments."  
Henderson
, slip op. at 7-8.  However, in fashioning this limitation of Rule 605(a), the court explicitly disapproved of reading a similar limitation into Rule 605(b).  
Henderson
, slip op. at 8-10.

In 
People v. Breedlove
, 213 Ill. 2d 509 (2004), our supreme court held that noncompliance with Rule 605(a) is not analogous to noncompliance with Rule 605(b); in the former case, the defendant who does not file a proper motion to reconsider sentence may still appeal trial errors and raise sentencing issues as plain error, while, in the latter case, the defendant who does not file the proper postplea motion loses his appeal rights completely.  
Breedlove
, 213 Ill. 2d at 520.  Therefore, in contrast to Rule 605(b), Rule 605(a) does not require a remand whenever the trial court does not strictly comply with it.  
Breedlove
, 213 Ill. 2d at 521–22.  In 
Henderson
, the court relied on 
Breedlove
's reasoning to "reject defendant's argument that, because 
strict compliance and remand are required in the Rule 605(b) context
, it is 'axiomatic' that these same requirements should apply to Rule 605(a)."  (Emphasis added.)  
Henderson
, slip op. at 11.  Thus, while 
Henderson
 adopted the prejudice test for Rule 605(a), it simultaneously rejected such a test for Rule 605(b).  Therefore, we decline the State's request to depart from 
Jamison
's rule of strict compliance, and we hold that defendant is entitled to relief without showing prejudice.

For these reasons, we vacate all postjudgment proceedings, including the denial of defendant's postjudgment motion, and we remand the cause with directions for the trial court to admonish defendant in strict compliance with Supreme Court Rule 605(b) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(b), eff. October 1, 2001) and  allow defendant to file a new postjudgment motion.

Vacated in part and remanded with directions.

BOWMAN and GILLERAN JOHNSON, JJ., concur.