2024 IL App (1st) 221508-U

SECOND DIVISION
March 29, 2024

No. 1-22-1508

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 2684 |
| | ) | |
| MICHAEL RICHARDSON, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:   We affirm the trial court's judgment convicting defendant of aggravated unlawful use of a weapon (AUUW) after a guilty plea; the Illinois AUUW statute does not violate the second amendment to the United States Constitution under the test the United States Supreme Court articulated in *New York State Rifle & Pistol Ass'n v. Bruen*.

¶ 2    Following a negotiated guilty plea, the circuit court of Cook County convicted defendant, Michael Richardson, on one count of aggravated unlawful use of a weapon (AUUW) in violation of section 24-1.6(a)(1), (a)(3)(A-5) of the Criminal Code of 2012 (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2020)), in that he possessed in a vehicle an uncased, loaded, and immediately accessible handgun and he had not been issued a currently valid license under the Firearm Concealed Carry Act (CCL) (430 ILCS 66/1 to 66/99 (West 2020)). Defendant did not file a motion to withdraw his guilty plea. Defendant filed a timely notice of appeal. On appeal, he

argues that the AUUW statute under which he was convicted was facially unconstitutional. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4     Given the substance of the appeal, a lengthy discussion of the facts of the case is not needed. Defendant, Michael Richardson, was stopped by police while driving his car and subjected to a pat-down search. The search revealed that defendant was carrying a handgun in his waistband. Police determined defendant did not have a valid Firearm Owner's Identification (FOID) card or a Conceal Carry License at the time. Following negotiations with the State and the trial court, defendant pleaded guilty to AUUW based on carrying an uncased, loaded, and immediately accessible gun on his person without a valid Conceal Carry License, in exchange for a sentence of one year of imprisonment. Defendant did not file a motion to withdraw his guilty plea. This appeal followed.

¶ 5                                     ANALYSIS

¶ 6     On appeal defendant argues the AUUW statute under which he was convicted is facially unconstitutional. "[A] facial challenge requires a showing that the statute is unconstitutional under any set of facts, *i.e.*, the specific facts related to the challenging party are irrelevant." *Awkerman v. Illinois State Police*, 2023 IL App (2d) 220434, ¶ 37. The sole issue before us is defendant's facial challenge to the AUUW stature, which is a question of statutory interpretation, and the interpretation of a statute presents a question of law that we review *de novo*. *People v. Baker*, 2023 IL App (1st) 220328, ¶ 21.

¶ 7     The first issue this court faced was whether we have jurisdiction to hear this appeal where defendant did not file a motion to withdraw his guilty plea. *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 8 ("[g]enerally, [t]o preserve an issue for appellate review, a defendant must both

object at trial and present the issue in a written posttrial motion.") (Internal quotation marks omitted.) However, our supreme court has held that "a guilty plea does not preclude a defendant from arguing on appeal that he was sentenced under a statute that was facially unconstitutional and void *ab intitio.*" *People v. Guevara*, 216 Ill. 2d 533, 542-43 (2005). See also *Gunn*, 2023 IL App (1st) 221032, ¶ 8 (an exception to the rule requiring presentment of an issue in a posttrial motion to preserve the issue for review "exists for constitutional challenges: a challenge to the constitutionality of a statute may be raised at any time").

¶ 8      The sole issue defendant presents for review by this court is whether the AUUW statute is facially unconstitutional when "it imposes an onerous dual-licensing regime, requiring [defendants] to first be issued a Firearm Owner's Identification (FOID) card before obtaining a Concealed Carry License to carry a concealed firearm" because doing so "is inconsistent with this nation's historical tradition of firearm regulation." In this case, defendant raises a challenge to the constitutionality of a statute. Therefore, we find pursuant to *Guevara* that we have jurisdiction of this appeal. *Guevara*, 216 Ill. 2d at 542-43. See also *People v. Johnson*, 2019 IL 122956, ¶ 35 (discussing argument that "this court has exempted the application of Rule 604(d) to negotiated pleas in two narrow instances: (1) where a defendant challenged his sentence as not authorized by statute ([citations]); and (2) where a defendant challenged the statute under which he was sentenced as facially unconstitutional and void *ab initio* [citation]"), and *Gunn*, 2023 IL App (1st) 221032, ¶ 8 ("a challenge to the constitutionality of a statute may be raised at any time"). We also find that defendant has standing to raise this challenge. *People v. Aguilar*, 2013 IL 112116, ¶ 12. Moreover, "[t]he constitutionality of a statute is reviewed *de novo*." *People v. Profit*, 2023 IL App (1st) 210881, ¶ 27.

¶ 9    Turning to the merits, defendant argues the AUUW statute is facially unconstitutional under the second amendment to the United States constitution pursuant to the analysis announced in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Pursuant to *Bruen*, the court must first determine whether the plain text of the second amendment covers the conduct in the challenged regulation and if it does, then the regulated conduct is presumptively protected by the second amendment and the State has the burden to justify its regulation of that conduct by demonstrating that doing so is consistent with the nation's historical tradition of firearm regulation. *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 69. "To carry this burden, the government must point to 'historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation.' " *Id*. ¶ 70. "[I]t is not necessary to identify a 'historical twin'; rather a 'well-established and representative [historical] *analogue* will do.' " (Emphasis in original.) *Id.* ¶ 71.

¶ 10    Defendant argues the AUUW statute is unconstitutional on its face—meaning "the statute is unconstitutional under any set of facts" (*People v. Mobley*, 2023 IL App (1st) 221264, ¶ 18) because the conduct of possessing a handgun in a conveyance outside the home is covered by the plain text of the second amendment and imposing a dual licensing regime on such possession is not consistent with this nation's historical tradition of firearm regulation. Defendant argues that requiring a person to first obtain a FOID Card and a license under the CCL "imposes an onerous burden" on the right to bear arms that is "not consistent with this Nation's historical tradition of firearm regulation."

¶ 11    Defendant claims that the historical evidence shows that criminalization of handgun possession in the absence of a FOID card and a license under the CCL "burdens the individual right in a manner with no historical analogue."  Defendant argues that three colonial-era

restrictions regulating public carry of firearms identified in *Bruen* are not a historical analogue for the AUUW statute because they contained an additional intent element not present in the AUUW law and "surety laws adopted in the mid-19th century do not establish a historical tradition comparable to the AUUW law because those laws were not punitive and only required the burdened individual to pay a bond; nor do "short-lived laws requiring freedmen *** to obtain licenses" provide suitable historical comparisons. As such, defendant argues the State "cannot affirmatively prove this nation has a historical tradition of imposing felony punishment on an individual who exercises the constitutional right to keep and bear arms without having been issued two separate licenses."

¶ 12     Defendant also argues the delay in issuing licenses—that is, the time given to the State to issue the license after a person applies—has no historical analogue. Defendant argues the need for self-defense in a person's conveyance is not less than their need for self-defense in the home but the AUUW statute only criminalizes possession in a vehicle and explicitly excludes the home, therefore the AUUW statute does not pass the *Bruen* test.

¶ 13     The second amendment protects carrying handguns *publicly* for self-defense. *Bruen*, 597 U.S. at 32. The issue in this case is whether the AUUW statute attempts to regulate carrying handguns *publicly* in a manner that is not consistent with this nation's historical traditions of firearm regulation. We find the issue is not whether the second amendment protects carrying a gun without a license but is whether the licensing requirement—the right to bear arms publicly being presumed—in consistent with this nation's history of regulating that right. Although "[n]othing in the Second Amendment's text draws a home/public distinction with respect to the right to keep and bear arms," (*Bruen*, 597 U.S. at 32), "[t]hroughout modern Anglo-American history, the right to keep and bear arms in public has traditionally been subject to well-defined

restrictions governing the intent for which one could carry arms, the manner of carry, or the exceptional circumstances under which one could not carry arms" (*Bruen*, 597 U.S. at 38). Defendant's argument that the AUUW statute is unconstitutional because there is no difference between the two fails.

¶ 14    As to the AUUW regulation on carrying firearms publicly and whether it is inconsistent with this nation's traditions of firearm regulation we note that this court has previously stated that argument "is exactly the same argument we rejected in *People v. Gunn*, 2023 IL App (1st) 221032, ¶¶ 19, 28." *People v. Kuykendoll*, 2023 IL App (1st) 221266-U, ¶ 24. We have previously continued to follow *Gunn,* and we do so  now.

¶ 15     In *Gunn*, this court upheld Illinois' licensing scheme against a challenge under *Bruen*. The *Gunn* court found that Illinois is a shall-issue jurisdiction under both the FOID Card Act and the CCL. *Gunn*, 2023 IL App (1st) 221032, ¶ 22. The court found that *Bruen* did not suggest the unconstitutionality of shall-issue licensing regimes, although it did not rule out challenges to shall-issue regimes where, for example, "lengthy wait times in processing applications or exorbitant fees deny ordinary citizens their right to public carry" (*Gunn*, ¶ 23 (citing *Bruen*, 597 U.S. at 37-38)), neither of which defendant argues on appeal. This court found that Illinois uses a "shall-issue licensing scheme," that such regimes "do not prevent citizens from exercising their second amendment rights," and there is "no reason to believe that the Supreme Court intended to invalidate the type of firearm regulation employed by our state." *Gunn*, 2023 IL App (1st) 221032, ¶ 32. This court held:

> "In sum, consistent with the Supreme Court's guidance quoted above, the Carry Act sets forth broadly applicable, well-defined requirements, which, if fulfilled, result in the issuance of a [concealed carry license]. These include

background checks and completion of a firearms training course, both of which the Supreme Court explicitly sanctioned in *Bruen*. None of the requirements compel applicants to demonstrate a special need to carry firearms for self-defense, nor are these requirements subject to the State's discretion. Again, Illinois is a *shall-issue* jurisdiction. Unlike the New York regulation that granted broad discretion to the state in deciding whether an applicant has demonstrated a special need to carry, Illinois's statute does not do that. Simply put, the Illinois scheme aims to ensure that only law-abiding citizens are allowed to carry firearms." *Id*. ¶ 29.

¶ 16    This court has held the AUUW statute comports with the second amendment. Consistent with *Gunn*, we so hold again today. Defendant's argument the AUUW statute is unconstitutional on its face because its regulations are too onerous fails where the United States Supreme Court has specifically endorsed such regulations. See *Bruen*, 597 U.S. at 38 n9, 70. (We reject out of hand defendant's argument that footnote 9 in *Bruen* is mere *dicta* that should be afforded little weight.)

¶ 17                                        CONCLUSION

¶ 18    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 19    Affirmed.