2024 IL App (1st) 230395-U

No. 1-23-0395

Order filed September 16, 2024.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 21 CR 14588 |
| MENNARD ALLISON, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Michael R. Clancy, |
| | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Cobbs concurred in the judgment.

ORDER

¶ 1     *Held*: Defendant failed to establish that the aggravated unlawful use of a weapon (AUUW) statute, on which his conviction rested, was facially unconstitutional or his conviction void. However, the trial court failed to provide adequate admonishments following defendant's negotiated guilty plea. This court remanded the cause for proper admonishments.

¶ 2     On July 21, 2022, defendant entered into a negotiated guilty plea for aggravated unlawful use of a weapon (AUUW), count 1, and was sentenced to four years in prison. In this direct

appeal, defendant contends the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2022)) is facially unconstitutional in violation of the second amendment (U.S. Const., amend II) and *New York State Rifle & Pistol Association, Inc., v. Bruen*, 597 U.S. 1 (2022), and thus, void. He also contends the trial court failed to issue adequate post-plea admonishments. See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). We affirm but remand the cause for proper admonishments.

¶ 3                                    BACKGROUND

¶ 4      The facts underlying defendant's negotiated guilty plea to AUUW, plus video surveillance, showed defendant stopped his vehicle, exited, and brandished a firearm, then shot several rounds at the victim as she crossed the street at Chicago and Ridgeway Avenues in Chicago. He did not then have a concealed carry license or a FOID card.

¶ 5      After defendant entered into the negotiated guilty plea, the trial court advised defendant as follows:

"I need to advise you of your appellate rights however before you can appeal within 30 days of today's date you need to file a written motion asking to withdraw your plea of guilty. In that motion you must state all the reasons why you are entitled to have your guilty plea withdrawn. If I were to grant that motion we would set the case down for trial. If I were to deny the motion, you have 30 days from the date of denial to file a written notice of appeal. Any issue or claim of error not raised in the original motion will be waived for appellate purposes. If you are indigent a copy of the transcripts of today's proceedings will be provided to you free of charge and you would be provided an attorney to assist you in pursuing your appeal."

¶ 6      In response to the court's query, defendant stated he understood his "appellate rights." Defendant did not file a motion to withdraw his guilty plea. Rather, on January 18, 2023, defendant, *pro se*, filed a motion for leave to file a late notice of appeal, which this court allowed

on March 8, 2023. Defendant stated that he did not file a notice of appeal within 30 days of sentencing because he went to "NRC-Stateville" and then "Dixon" on "level 1 & 2," and there was a lockdown due to short-staffing and Covid restrictions, in addition to "medical writs every week." He asserted he "could not get a chance to go [to] the law library." Defendant stated his appeal had merit because there was a "lack of evidence, no weapon, no GSR-forensic, no victim, no witness." Appellate counsel was subsequently appointed. This appeal followed.

¶ 7                                          ANALYSIS

¶ 8      Where, as here, a defendant enters into a negotiated guilty plea, a subsequent motion to withdraw that guilty plea is a condition precedent to filing an appeal. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). Notwithstanding that, our supreme court has made clear that "[a] defendant may argue that a criminal statute is unconstitutional, and void *ab initio*, at any time." *People v. Guevara*, 216 Ill. 2d 533, 542 (2005); see also *In re N.G.*, 2018 IL 121939, ¶ 56-57 (holding, a void order may be attacked at any time in a court with jurisdiction, and such challenges are not subject to forfeiture or other procedural bars). As such, defendant's guilty plea does not preclude him from raising his first contention, that he was sentenced under a facially unconstitutional and void statute. *Guevara*, 216 Ill. 2d at 542-43.

¶ 9      Legislative enactments enjoy a strong presumption of constitutionality, and the burden then rests on the defendant to demonstrate the invalidity of a particular statute. *People v. Alcozer*, 241 Ill. 2d 248, 259 (2011). A reviewing court has the duty to construe a statute to uphold its validity whenever reasonably possible. *Id*. We review the constitutionality of a statute *de novo*. *Id*.

¶ 10     Our review does not extend far, however, because defendant has failed to fulfill his burden. The AUUW statute criminalizes public gun possession absent a concealed carry license.

720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2022). In Illinois, a person must be issued a FOID card (see 430 ILCS 65/2(a) (West 2022)), in order to lawfully possess a gun, and in order to obtain a concealed carry license (430 ILCS 66/25 (West 2022). Defendant argues this dual licensing requirement violates his second amendment right to carry a handgun for self-defense outside the home and is contrary to *Bruen* because the State cannot demonstrate the AUUW statute is consistent with our nation's historical tradition of firearm regulation.

¶ 11    However, *Bruen* itself essentially condoned the constitutionality of Illinois' gun licensing regime. *Bruen*, 597 U.S. at 13, n. 1, and at 38, n. 9 (suggesting that "shall-issue" licensing regimes, of which Illinois is one, are generally constitutional), 79-80 (J. Kavanaugh, concurring) (clarifying the court's decision did not affect "shall-issue" licensing schemes like those in Illinois and the licensing regimes may continue to be employed); *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 16 (noting, "Illinois is known as a shall-issue state because the police must issue a FOID card to any applicant who fulfills the criteria set forth in the statute"); see also 430 ILCS 66/10, 25 (West 2022). Even if the statements in *Bruen* regarding "shall-issue" licensing regimes are considered *dicta*, as defendant claims, *dicta* in a court of last resort is, at the very least, dispositive and binding absent a contrary decision. *People v. Williams*, 204 Ill. 2d 191, 206-07 (2003).[1] Moreover, in *People v. Hatcher*, 2024 IL App (1st) 220455, ¶¶ 48-61, this court conducted an exhaustive analysis of the matter before concluding that the challenged section of the AUUW statute is not facially unconstitutional under *Bruen. Id.* Other decisions of this court have essentially concluded the same. *Gunn*, 2023 IL App (1st) 221032, ¶¶ 19, 30

---

[1]The supreme court in *United States v. Rahimi*, 144 S.Ct. 1889, 1896 (2024), recently held: "When a restraining order contains a finding that an individual poses a credible threat to the physical safety of an intimate partner, that individual may—consistent with the Second Amendment—be banned from possessing firearms while the order is in effect. Since the founding, our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." *Id*. This suggests reasonable regulation of firearm possession is constitutional.

(holding the FOID Card Act, Concealed Carry Act, and AUUW statute comply with federal law and are not invalid under *Bruen*); see also *People v. Burns*, 2024 IL App (4th) 230428, ¶ 42; *People v. Pitts*, 2024 IL App 1st 230679-U, ¶ 22; *People v. Kuykendoll*, 2023 IL App (1st) 221266-U, ¶ 25; *People v. Thompson*, 2023 IL App. (1st) 220429-U, ¶ 60.

¶ 12     Defendant has not identified or sufficiently developed an argument to otherwise support finding Illinois' licensing scheme unconstitutional. See *Bruen*, 597 U.S. at 38, n. 9. To the extent defendant argues the licensing regime in Illinois is subject to undue delay, defendant has no standing to raise the argument because he does not point to any evidence showing he applied for a FOID card or Concealed Carry license. See *In re M.I.*, 2013 IL 113776, ¶ 32 (noting that, to have standing to bring a constitutional challenge, a person must show himself to be within the class aggrieved by the alleged unconstitutionality). Regardless, this court recently rejected, out of hand, similar criticisms of the Illinois licensing regime. See *Gunn*, 2023 IL App (1st) 221032, ¶¶ 25-29. Defendant's constitutional argument therefore fails. His conviction is not void.

¶ 13     Defendant next contends the trial court failed to properly admonish him following his negotiated guilty plea. We repeat that when a defendant enters into a negotiated guilty plea, a subsequent motion to withdraw that guilty plea is a condition precedent to filing an appeal. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). As such, Rule 605(c) requires the trial court at sentencing to "advise the defendant substantially" on the procedures for filing both a motion to withdraw the guilty plea and an appeal, and this court also may entertain a defendant's subsequent argument on appeal that the trial court has fallen short in that regard. Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001); *Flowers*, 208 Ill. 2d at 301; *People v. Foster*, 171 Ill. 2d 469, 473 (1996) (dubbing this the "admonition exception"). Although a trial court need not use the exact language of Rule 605(c), it must still convey the substance of the rule.

*People v. Dominguez*, 2012 IL 111336, ¶ 18 (defining substantial compliance as conveying the rule's essence); *People v. Perry*, 2014 IL App (1st) 122584, ¶ 15. We review the court's compliance with Rule 605(c) *de novo. People v. Blackmun*, 2024 IL App (1st) 220586, ¶ 8.

¶ 14    Defendant now specifically contends the trial court gave incomplete Rule 605(c) admonitions regarding the consequences of a successful post-plea motion, entirely neglected to admonish defendant under Rule 605(c)(4), and failed to advise defendant that an attorney and transcripts would be provided free of charge to aid him in preparing his motion to withdraw his guilty plea. He asks that we remand the cause for proper admonishments.

¶ 15    Relevant to this case, "at the time of imposing sentence, the trial court shall advise the defendant substantially as follows *** (3) that if the motion [asking to have the judgment vacated and for leave to withdraw the plea of guilty] is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made; (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial; [and] (5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions[.]" Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 16    Here, the trial court stated that if it were to grant defendant's motion to withdraw his guilty plea, the court would set the case for trial. Contrary to 605(c)(3), the court omitted also admonishing defendant, as required, "that the plea of guilty, sentence and judgment will be

vacated." Ill. S. Ct. 605(c)(3) (eff. Oct. 1, 2001).[2] Indeed, the court also *entirely omitted* any mention of 605(c)(4) in that the court did not advise defendant that the dismissed charges in this case would be reinstated upon acceptance of the withdrawal motion. Last, the court admonished defendant that if he was indigent, the transcripts of the proceeding would be provided free of charge and he would be provided an attorney "to assist you in pursuing your appeal," but contrary to Rule 605(c)(5), neglected to advise defendant that the free transcripts and attorney would be provided to assist in the motion to withdraw his guilty plea. Contrary to the State's contention otherwise, we agree with defendant that these admonishments were insufficient.

¶ 17    Illinois Supreme Court rules have the force of law, and they are not simply aspirational. *People v. Shunick*, 2024 IL 129244, ¶ 44; *People v. English*, 2023 IL 128077, ¶ 13. Moreover, we may not engraft exceptions or provisions onto a rule that do not exist. *Shunick*, 2024 IL 129244, ¶ 44. Nor may we interpret a rule in such a way as to render any part of it meaningless or superfluous. *Dominguez*, 2012 IL 111336, ¶ 16. Admonishments that lack *any* reference to certain portions of Rule 605(c) altogether cannot be deemed adequate. *Perry*, 2014 IL App (1st) 122584, ¶ 16; see also *Dominguez*, 2012 IL 111336, ¶ 21-22 (noting, the admonitions *must* be given and are insufficient where the trial court omits the rule's substance).

¶ 18    Here, given that 605(c)(3) requires an admonition that the guilty plea, sentence and judgment will be vacated, *and* that a new trial will commence on the charges, the judge simply admonishing defendant that "a trial will be set" falls short. To hold otherwise would render part of the Rule meaningless or superfluous, which is not permitted. *Dominguez*, 2012 IL 111336, ¶ 16. We thus agree with defendant's contention that this omission could have "materially

---

[2]The State concedes that "[i]t is true that the court did not specify that defendant's sentence would be vacated if her were allowed to withdraw his plea." The State also concedes defendant was not admonished pursuant to 604(c)(4).

contributed" to defendant's failure to file a motion to withdraw his guilty plea because he wasn't informed that "a successful postplea motion was the route to having his plea vacated." Also, the absence of *any* admonishment involving 605(c)(4) was clearly inadequate. There was no "essence" of the rule to conveyed. See *Dominguez*, 2012 IL 111336, ¶ 21-22; *People v. Braden*, 2018 IL App (1st) 152295, ¶ 29 (finding admonishments insufficient where the trial court failed to inform the defendant of "what he needed to do to challenge his guilty plea"). Thus, not only was defendant unaware that his guilty plea and sentence would be vacated, but also that he could face reinstated charges. See Ill. S. Ct. Rs. 605(c)(3), (c)(4) (eff. Oct. 1, 2001); *People v. Lloyd*, 338 Ill. App. 3d 379, 384-85 (2003).

¶ 19    We further find the deficient admonishment as to defendant's right to appointed counsel on his postplea motion, under Rule 605(c)(5), concerning. A defendant is entitled to be informed of the availability of appointed counsel for postplea proceedings and his right to receive a transcript of the plea proceedings, because a "criminal defendant's right to assistance of counsel is fundamental." *Lloyd*, 338 Ill. App. 3d at 385.

¶ 20    Contrary to the State's argument otherwise, *Dominguez*, 2012 IL 111336, ¶¶ 48-51, is distinguishable. There, although the trial court did not orally inform the defendant that he was entitled to an attorney's help with postplea motions, the court nonetheless stated without qualification that the defendant was entitled to an attorney free of charge, along with transcripts. In other words, the trial court's statements did not definitively confine the availability of counsel to the appeals process alone. Moreover, the supreme court found the written document, which also was presented to the defendant, contained the complete and clear admonishment, noting: "While the oral admonishments might have been more general about the right to counsel, the written admonishment specifically made it clear [the] defendant was entitled to counsel to help

him prepare the motions." *Id*. ¶ 51. On that basis, the supreme court found the defendant was adequately notified that a court-appointed attorney would be available consistent with 605(c)(5).[3]

¶ 21     Here, unlike in *Dominguez*, the trial court confined the availability of appointed counsel to the appeals process (stating "If you are indigent a copy of the transcripts of today's proceedings will be provided to you free of charge and you would be provided an attorney to assist you in pursuing your appeal"). See *Blackmon,* 2024 IL App (1st) 220586, ¶ 9 (finding the trial court failed to admonish the defendant regarding his right to appointed counsel to vacate his guilty plea under 605(c)(5), where the court stated, "If you are indigent and cannot afford an attorney or transcript, both will be provided to you at no cost *to help with the appeals process*"). Also, in this case, unlike in *Dominguez*, there were no written admonishments to clarify the matter. The record further suggests that defendant lacked a clear understanding that appointed counsel was available to help in filing a motion to withdraw his guilty plea. As reason for the delay in challenging his conviction, for example, defendant cited a number of logistical problems and his lack of access to the law library.

¶ 22     Thus, to the extent the State maintains there was no prejudice resulting from the inadequate admonishments and suggests any error was harmless, we reject that argument. Nothing in *Dominguez* suggests that a prejudice analysis follows the question of whether a trial court substantially complied with Rule 605(c). See also *People v. Jamison*, 181 Ill. 2d 24, 30 (1998) (essentially rejecting a prejudice analysis as to admonishments); *People v. Perper*, 359 Ill. App. 3d 863, 866 (2005) (same); *but see People v. Crump*, 344 Ill. App. 3d 558, 563 (2003)

_____

[3]The State maintains the *Dominguez* court's reliance on two prior cases (*People v. Dunn*, 342 Ill. App. 3d 872 (2003) and *In re J.T.*, 221 Ill. 2d 338 (2006)) support an affirmance here. We do not believe *Dominguez*'s citation to those cases can be divorced from its additional reliance on the written admonishment to support its conclusion of compliance with Rule 605(c)(5). Moreover, in both *Dunn*  and *J.T.*, the trial courts similarly made general statements as to the availability of appointed counsel without confining the matter to appeals only.

(applying a prejudice analysis); *cf. J.T.*, 221 Ill. 2d at 347-48 (considering prejudice in the context of whether to grant supervisory relief for the trial court's allegedly improper admonitions). In fact, because a defendant who fails to file a postplea motion under Rule 605(c), loses his appeal rights completely, and the appellate court is required to dismiss his appeal, a trial court's inadequate compliance with 605(c) cannot be harmless error. *People v. Breedlove*, 213 Ill. 2d 509, 520-21 (2004); *Flowers*, 208 Ill. 2d at 301 (noting, a defendant's "failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits" and requires dismissal); see also *People v. Addison*, 2023 IL 127119, ¶ 33. This is because we cannot speculate what defendant would have done had he been given the appropriate admonishments. See *id*.

¶ 23   For the reasons stated, the trial court's deficient admonitions did not put defendant on notice of the steps needed to preserve an appeal under Rule 604(d). See *Dominguez*, 2012 IL 111336, ¶ 54; *Lloyd*, 338 Ill. App. 3d at 385. Based upon the trial court's failure to substantially admonish defendant pursuant to Rule 605(c), we find that defendant's failure to file a Rule 604(d) motion is excused, and this court must remand the cause to the trial court for strict compliance with Rule 605(c). *Blackmun*, 2024 IL App (1st) 220586, ¶ 7; *People v. Gougisha*, 347 Ill. App. 3d 158, 163 (2004).

¶ 24                              CONCLUSION

¶ 25   For the reasons stated, defendant's conviction is not void, and we thus affirm the judgment of the trial court in that regard. However, we remand the cause for further proceedings, including proper 605(c) admonishments, consistent with this order. See *Dominguez*, 2012 IL 111336, ¶ 11; *Gougisha*, 347 Ill. App. 3d at 163.

¶ 26   Affirmed in part; remanded.