2025 IL App (4th) 240762

NO. 4-24-0762

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 4, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| DANA JAMAL HUFF, | ) | No. 24CF4 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John P. Vespa, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court, with opinion.
Justices Doherty and Grischow concurred in the judgment and opinion.

**OPINION**

¶ 1        On April 18, 2024, defendant, Dana Jamal Huff, pleaded guilty to unlawful possession of a weapon by a felon (UPWF) (720 ILCS 5/24-1.1(a) (West 2022)). Pursuant to a negotiated plea agreement, the trial court sentenced defendant to 2½ years' imprisonment. Following the sentencing hearing, defendant did not file a motion to withdraw his guilty plea. Instead, defendant filed a *pro se* "Motion for Notice of Appeal" on May 6, 2024. On appeal, defendant argues the UPWF statute is facially unconstitutional. We affirm.

¶ 2                                I. BACKGROUND

¶ 3        Based on the scope of defendant's appeal, a lengthy discussion of the facts of the case is not required. Therefore, we include only the facts necessary to address defendant's contention on appeal.

¶ 4       In January 2024, the State charged defendant with UPWF (*id.*). Following defendant's arrest, the State filed a verified petition to deny defendant pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. Following a detention hearing, the trial court ordered defendant detained pretrial.

¶ 5       On April 18, 2024, defendant pleaded guilty to UPWF and, pursuant to an agreement with the State, was sentenced to 2½ years' imprisonment. After accepting defendant's guilty plea, the trial court admonished defendant of his appeal rights in accordance with Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024). Following the court's admonishment, defendant indicated he understood his appeal rights.

¶ 6       Despite the trial court's admonishments, defendant did not file a motion to withdraw his guilty plea pursuant to Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). Instead, defendant filed a *pro se* "Motion for Notice of Appeal" on May 6, 2024. The *pro se* notice of appeal cited Illinois Supreme Court Rule 606(d) (eff. Apr. 15, 2024) and Rule 303(b)(5) (eff. July 1, 2017) and stated, "Defendants [*sic*] conviction was unconstitutional under the 2nd and 14th amendmant [*sic*] of the United States Constitution." The circuit clerk filed defendant's notice of appeal on May 15, 2024.

¶ 7       This appeal follows.

¶ 8                                    II. ANALYSIS

¶ 9       On appeal, defendant argues the UPWF statute is facially unconstitutional based on "the Second Amendment analysis announced in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)." At the outset, the State contends defendant's appeal must be dismissed based

on his failure to first file a motion to withdraw his guilty plea in the trial court pursuant to Rule 604(d). Defendant concedes his failure to file a motion to withdraw his guilty plea but asserts a facial constitutional challenge may be raised at any time.

¶ 10        Rule 604(d) states, in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

Our supreme court, in *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003), determined, based on the plain language of Rule 604(d), "[t]he filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty." Although the failure to file a Rule 604(d) motion does not divest this court of jurisdiction, it prohibits us from evaluating the merits of the defendant's appeal and requires us to dismiss the appeal. *Id.* at 301. According to the court in *Flowers*, "Where a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal [citation], leaving the Post-Conviction Hearing Act as the defendant's only recourse." *Id.*

¶ 11        Defendant acknowledges our supreme court's decision in *Flowers* but contends it is inapplicable to his case because *Flowers* did not involve a facial constitutional challenge. We agree.

¶ 12        Before and after its decision in *Flowers*, our supreme court has, on multiple occasions, held, "A defendant may argue that a criminal statute is unconstitutional, and void *ab initio*, at any time." *People v. Guevara*, 216 Ill. 2d 533, 542 (2005); see *In re N.G.*, 2018 IL

121939, ¶ 43 (stating "a judgment based on a statute that is facially unconstitutional is void," and void judgments may be attacked at any time). Moreover, as our supreme court has noted, "[A] challenge to a final judgment based on a facially unconstitutional statute that is void *ab initio*" may be raised at any time and is not subject to forfeiture. *People v. Thompson*, 2015 IL 118151, ¶ 32. Even when a defendant has pleaded guilty, he is not precluded "from arguing on appeal that he was sentenced under a statute that was facially unconstitutional and void *ab initio*." *Guevara*, 216 Ill. 2d at 542-43. This is because "[w]hen a statute is declared facially unconstitutional and void *ab initio*, it means that the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable." *Thompson*, 2015 IL 118151, ¶ 32.

¶ 13        In this case, because defendant raises a facial constitutional challenge, his failure to file a motion to withdraw his guilty plea pursuant to Rule 604(d) does not preclude this court from addressing his constitutional challenge on direct appeal. As the court stated in *N.G.*, 2018 IL 121939, ¶ 57:

> "Simply put, under Illinois law, there is no fixed procedural mechanism or forum, nor is there any temporal limitation governing when a void *ab initio* challenge may be asserted. [Citation.] Under our precedent, it is sufficient if a person subject to a conviction premised on a facially invalid statute raises his or her challenge through an appropriate pleading in a court possessing jurisdiction over the parties and the case. [Citation.] Indeed, if the constitutional infirmity is put in issue during a proceeding that is pending before a court, the court has an independent duty to vacate the void judgment and may do so *sua sponte*. [Citations.] A void order may be attacked at any time in any court. [Citation.] Such challenges are not subject to forfeiture [citation] or any other ordinary procedural

- 4 -

bar."

Recently, the First District, relying on the precedent set forth in *Guevara*, reached the same conclusion, namely, that it was not precluded from addressing a defendant's facial constitutional challenge despite the defendant's failure to file a motion to withdraw his guilty plea under Rule 604(d). *People v. Richardson*, 2024 IL App (1st) 221508-U. Similarly, we conclude a facial constitutional challenge is an exception to the general rule set forth in *Flowers*, 208 Ill. 2d at 301, that "[w]here a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal [citation], leaving the Post-Conviction Hearing Act as the defendant's only recourse." Accordingly, we hold defendant's failure to comply with Rule 604(d) does not bar him from raising his facial constitutional challenge on direct appeal. We now turn to the merits of his appeal.

¶ 14 "Statutes are presumed constitutional, and to rebut that presumption, the party challenging a statute's constitutionality has the burden of establishing a clear violation." *People v. Bochenek*, 2021 IL 125889, ¶ 10. "The constitutionality of a statute is a question of law subject to *de novo* review." *People v. Gray*, 2017 IL 120958, ¶ 57.

¶ 15 Defendant challenges the facial constitutionality of the UPWF statute. "A party bringing a facial challenge to a statute faces a particularly heavy burden." *People v. Villareal*, 2023 IL 127318, ¶ 14. "A statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid." *Bochenek*, 2021 IL 125889, ¶ 10. "If it is reasonably possible to construe the statute in a way that preserves its constitutionality, we must do so." *Id.*

¶ 16 This court has already determined the UPWF statute is facially constitutional in *People v. Burns*, 2024 IL App (4th) 230428 (holding felons do not fall within the scope of *New*

*York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)). Defendant makes the same argument here that this court rejected in *Burns*. The defendant in *Burns* argued the UPWF statute was unconstitutional under *Bruen* because the State could not establish the UPWF statute "is consistent with the United States's historical tradition of firearm regulation." *Burns*, 2024 IL App (4th) 230428, ¶ 16. We rejected this argument, holding *Bruen* did not apply to that defendant because *Bruen* only applied to law-abiding citizens and, based on his status as a felon, the defendant was not a law-abiding citizen. *Id.* ¶ 21. We need not repeat that analysis here, as it is clearly set forth in *Burns*. Defendant acknowledges this court's decision in *Burns* but requests we reconsider our decision. We decline to do so. Moreover, this court has reaffirmed our decision in *Burns* on numerous occasions. See *People v. Pruitte*, 2024 IL App (4th) 240013-U; *People v. Dillard*, 2024 IL App (4th) 231090-U; *People v. Bruce*, 2025 IL App (4th) 240706-U; *People v. Stokich*, 2024 IL App (4th) 240192-U; *People v. Mallery*, 2024 IL App (4th) 231397-U.

¶ 17 In requesting this court reconsider our decision in *Burns*, defendant relies on the United States Supreme Court's recent decision in *United States v. Rahimi*, 602 U.S. 680 (2024). We find *Rahimi* inapplicable to defendant's case. The Court in *Rahimi* did not address whether felons could be prohibited from possessing firearms based on their status as felons. The sole issue in *Rahimi* was whether the defendant could be temporarily prohibited from possessing firearms based on a domestic violence restraining order, which found he posed "a credible threat to the physical safety of [an] intimate partner." (Internal quotation marks omitted.) *Id.* at 684-86. (We note the opinion in *Rahimi* does not state whether the defendant was a convicted felon.) In fact, the only mention of felons in the majority's opinion is when the Court reiterated its prior statement from *District of Columbia v. Heller*, 554 U.S. 570 (2008), regarding the presumptive lawfulness of prohibitions against felons possessing firearms. See *Rahimi*, 602 U.S. at 682 ("Indeed, *Heller*

stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.' " (quoting *Heller*, 554 U.S. at 626-627 n.26)). Defendant's reliance on *Rahimi* is misplaced, and there is nothing in *Rahimi* that requires this court to reconsider its decision in *Burns*. Therefore, in accordance with our decision in *Burns*, we reject defendant's argument regarding the facial constitutionality of the UPWF statute.

¶ 18                                    III. CONCLUSION

¶ 19             For the reasons stated, we affirm the judgment of the trial court.

¶ 20             Affirmed.

*People v. Huff*, 2025 IL App (4th) 240762

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 24-CF-4; the Hon. John P. Vespa, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Manuela Hernandez, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Jodi M. Hoos, State's Attorney, of Peoria (Patrick Delfino and David J. Robinson, of counsel, and Lindsey J. Aden, law student, of State's Attorneys Appellate Prosecutor's Office), for the People. |