2025 IL App (1st) 240159-U

No. 1-24-0159

Order filed October 14, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 C6 60533 |
| | ) | |
| JOVAUGHN JOHNSON, | ) | Honorable |
| | ) | Tiana Blakely, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's conviction for aggravated unlawful use of a weapon is affirmed where the statutory provision he was convicted under was not facially unconstitutional.

¶ 2    Pursuant to a negotiated guilty plea, defendant Jovaughn Johnson pled guilty to one count of aggravated unlawful use of a weapon (AUUW) and was sentenced to 24 months' probation. On appeal, he argues that the provision of the AUUW statute he was convicted under is facially

unconstitutional under the Second Amendment pursuant to the United States Supreme Court's decision in *New York State Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3    Defendant was charged by indictment with multiple offenses following an incident on August 10, 2022. At a hearing on November 20, 2023, defendant entered a negotiated guilty plea to one count of AUUW predicated on knowingly carrying in his vehicle an uncased, loaded, and immediately accessible firearm without a concealed carry license (CCL). See 720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2022).

¶ 4    The parties stipulated that on August 10, 2022, Detective Abu Romman curbed defendant's vehicle for having an unsecured toddler in the backseat. Defendant had a "suspended license" and stated that he had a firearm in the vehicle. Romman recovered the firearm. Defendant did not have a valid Firearm Owner's Identification (FOID) card or CCL. After defendant entered his plea, the court imposed 24 months' first-time weapon offender probation. Defendant did not move to withdraw his guilty plea.

¶ 5    On December 21, 2023, defendant untimely appealed. On October 29, 2024, the Illinois Supreme Court issued a supervisory order directing this court to treat defendant's notice of appeal as a properly perfected appeal from the circuit court's judgment. *Johnson v. Justices of the Appellate Court, First District*, No. 131137 (Ill. Oct. 29, 2024) (supervisory order).

¶ 6    On appeal, defendant argues that the provision of the AUUW statute he was convicted under is facially unconstitutional under the Second Amendment and void *ab initio* pursuant to *Bruen* because the provision imposes a "onerous dual-licensing regime" where an individual must first be issued a FOID card before obtaining a CCL, which is inconsistent with the nation's historical tradition of firearms regulation.

¶ 7    As a threshold matter, defendant did not move to withdraw his guilty plea. Ordinarily, "before a defendant may appeal from a judgment on a plea of guilty, he must file a written motion in the circuit court within 30 days of the date on which sentence is imposed." *People v. Flowers*, 208 Ill. 2d 291, 300 (2003); see also Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023). Generally, "the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits." *Flowers*, 208 Ill. 2d at 301.

¶ 8    In this situation, however, our supreme court's supervisory order and certain other considerations allow this court to reach the merits of defendant's appeal. First, a defendant may argue "that a criminal statute is unconstitutional, and void *ab initio,* at any time," such that a guilty plea does not preclude a defendant from raising on appeal that a statute is facially unconstitutional and void *ab initio*. *People v. Guevara*, 216 Ill. 2d 533, 542-43 (2005). This is because "[w]hen a statute is declared facially unconstitutional and void *ab initio*, it means that the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable." (Internal quotation marks omitted.) *People v. Huff*, 2025 IL App (4th) 240762, ¶ 12. Moreover, "a judgment based on a statute that is facially unconstitutional is void," and challenges based on a void statute are "not subject to forfeiture" or "any other ordinary procedural bar." *In re N.G.*, 2018 IL 121939, ¶¶ 43, 57.

¶ 9    As such, although defendant failed to file a motion to withdraw his guilty plea, he may appeal on the basis that the provision of the AUUW statute he was convicted under is void *ab initio* and facially unconstitutional. See *Huff*, 2025 IL App (4th) 240762, ¶¶ 12-13 (the defendant's failure to file a motion to withdraw his guilty plea in accordance with Rule 604(d) did not bar him from raising a facial constitutional challenge on direct appeal); see also *People v. Anderson*, 2025

IL App (1st) 240263-U; *People v. Richardson*, 2024 IL App (1st) 221508-U; *People v. Allison*, 2024 IL App (1st) 230395-U.

¶ 10    The State argues that defendant lacks standing to challenge his conviction as facially unconstitutional because he was convicted of AUUW predicated on carrying a firearm without a CCL, as opposed to AUUW predicated on carrying a firearm without a valid FOID card. According to the State, defendant, in substance, attempts to challenge the constitutionality of the FOID Card Act but lacks standing to do so. See *People v. Aguilar*, 2013 IL 112116, ¶ 12 ("[o]ne has standing to challenge the validity of a statute if he has sustained or if he is in immediate danger of sustaining some direct injury as a result of enforcement of the statute"). We disagree. Defendant challenges the constitutionality of section 24-1.6(a)(1), (3)(A-5) of the AUUW statute, the provision to which he pled guilty, and not the FOID Card Act or Firearm Concealed Carry Act. As defendant argues on appeal that his conviction should be reversed because that provision of the AUUW statute is facially unconstitutional, he has standing to raise the issue.

¶ 11    A presumption exists that all statutes are constitutional, and a defendant carries a "heavy burden" in rebutting that presumption. *People v. Rizzo*, 2016 IL 118599, ¶ 23. To rebut the presumption, a defendant "must clearly establish that [the statute] violates the constitution." (Internal quotation marks omitted.) *Id*. Courts have a duty to uphold the constitutionality of a statute whenever possible, "resolving any doubts in favor of the statute's validity." *Id*. A facial challenge requires a showing that "the statute is unconstitutional under any set of facts, *i.e.,* the specific facts related to the challenging party are irrelevant." *Id*. ¶ 24. If a situation exists in which the statute can be validly applied, a facial challenge fails. *Id*. We review the constitutionality of a statute *de novo*. *Id*. ¶ 23.

¶ 12 Defendant was convicted of violating section 24-1.6(a)(1), (3)(A-5) of the AUUW statute, which provides that "a person commits the offense of aggravated unlawful use of a weapon when he or she knowingly carries *** in any vehicle *** any pistol, revolver, *** or other firearm" without a "currently valid license under the Firearm Concealed Carry Act." 720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2022).

¶ 13 The Firearm Concealed Carry Act mandates that an individual shall be issued a CCL if (1) he completes an application and provides the information and documents required, (2) is at least 21 years old, (3) has been issued a currently valid FOID card, (4) has not been convicted of an offense involving the threat of force or violence or alcohol or drugs within five years of the application, (5) is not the subject of a pending warrant or prosecution, (6) has not been subject to court-ordered alcohol or drug treatment, (7) has completed firearms training and education, (8) paid the fees, and (9) does not pose a danger to himself or others. 430 ILCS 66/10(a), 25, 30 (West 2022). The FOID Card Act provides that "no person may acquire or possess any firearm *** within this State without *** a [FOID] card previously issued *** by the Illinois State Police." 430 ILCS 65/2(a)(1) (West 2022). An individual must possess the CCL at all times when carrying a firearm, absent certain exceptions. *Id*. § 66/10(g) (West 2022).

¶ 14 The second amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. This amendment protects an individual's right to keep and bear arms for self-defense and was made applicable to the states via the Fourteenth Amendment. *Bruen*, 597 U.S. at 17; *McDonald v. City of Chicago,* 561 U.S. 742, 791

(2010). Like most rights, "the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

¶ 15    In *Bruen*, the United States Supreme Court assessed the constitutionality of a New York law mandating that individuals prove "proper cause exists" for obtaining a license to carry a firearm outside the home. *Bruen*, 597 U.S. at 12. The Supreme Court articulated a two-part test for assessing the constitutionality of firearms regulations, where a court must first analyze whether "the Second Amendment's plain text covers an individual's conduct." *Id*. at 24. If so, that conduct is presumptively protected. *Id*. The government must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*.

¶ 16    Here, defendant argues that even though the right to publicly carry a firearm is covered under the plain text of the Second Amendment, the provision of the AUUW statute he was convicted under contradicts the historical tradition of firearms regulation. Defendant posits numerous reasons why the provision is facially unconstitutional, including (1) the "onerous dual-licensing regime" where an individual must first be issued a FOID before obtaining a CCL; (2) the 30-day potential delay for the issuance of a FOID from the date of application and the 90-day potential delay for the issuance of a CCL from the date of application; and (3) the criminalization of carrying a firearm without a FOID or CCL in public, but not while on one's land or in one's home, legal dwelling, or fixed place of business.

¶ 17    While defendant's conduct of publicly carrying a firearm falls within the scope of the Second Amendment protections (*id.* at 32), his facial challenge to the AUUW statute still fails. To start, *Bruen* acknowledged that "throughout modern Anglo-American history, the right to keep and bear arms in public has traditionally been subject to well-defined restrictions governing the

intent for which one could carry arms." *Id*. at 38. *Bruen* also distinguished between shall-issue licensing regimes, like in Illinois, and may-issue licensing regimes, like in New York. *Id.* at 13-14. Shall-issue licensing regimes require that authorities must issue concealed-carry licenses where "applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability." *Id.* at 13. In contrast, may-issue licensing regimes allow authorities the discretion to deny licenses "even when the applicant satisfies the statutory criteria, usually because the applicant has not demonstrated cause or suitability." *Id.* at 14-15. Moreover, *Bruen* noted that "nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes, under which a general desire for self-defense is sufficient to obtain a [permit]" as those regimes "do not necessarily prevent 'law-abiding, responsible citizens' from exercising their Second Amendment right to public carry." (Internal quotation marks omitted.) *Id.* at 38 n.9.

¶ 18    Furthermore, the appellate court and, most recently, our supreme court have considered and rejected similar challenges to the AUUW statute. In *People v. Thompson*, 2025 IL 129965, ¶¶ 44, 53, our supreme court held that "the United States Supreme Court's express endorsement of shall-issue licensure obviates the need for this court to apply the historical-tradition component of the *Bruen* analysis to defendant's facial challenge to section 24-1.6(a)(1), (a)(3)(A-5)" and held that section was not facially unconstitutional under the Second Amendment.

¶ 19    Prior to *Thompson*, in *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 19, this court concluded that due to the shall-issue regime in Illinois, there was "no need for us to engage in a historical analysis" of the regulations under the FOID Card Act and Concealed Carry Act when "the Supreme Court has already done so" and sanctioned the regime instituted by those acts. Therefore, this court

held that the AUUW statute was not unconstitutional. *Gunn*, 2023 IL App (1st) 221032, ¶ 30. In *People v. Thompson*, 2024 IL App (1st) 221031, ¶ 25, this court held that "*Bruen* unequivocally left intact a state's ability to impose licensing regimes for the possession and public carry of firearms and to criminalize such acts when done without a license." In *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 61, this court concluded that "subsections (a)(3)(A-5), (a)(3)(C), and (a)(3)(I) of the AUUW statute are not facially unconstitutional under *Bruen*" as "*Bruen* does not hold or even suggest that Illinois's FOID Card or Firearm Concealed Carry Acts are unconstitutional."

¶ 20    To the extent that defendant argues that the licensing regime in Illinois is actually a may-issue licensing regime or that the footnote in *Bruen* discussing the constitutionality of shall-issue licensing regimes is *dicta*, we note that *Bruen* patently categorized Illinois's licensing regime as shall-issue. See *Bruen*, 597 U.S. at 14-15 (specifying that the only states with may-issue licensing regimes are New York, California, Hawaii, Maryland, Massachusetts, and New Jersey). From the reading of the FOID Card Act and Firearm Concealed Carry Act, it is clear that Illinois employs a shall-issue licensing regime because a FOID or CCL *shall* be issued to an individual who fulfills the criteria in the acts, and "the State does not have any discretion to deny *** an applicant who fulfills these objective criteria." *Gunn*, 2023 IL App (1st) 221032, ¶¶ 16, 22.

¶ 21    Furthermore, our interpretation of *Bruen*'s footnote comports with other decisions that have held that Illinois's shall-issue licensing regime is not facially unconstitutional under the Second Amendment. See, *e.g.*, *Thompson*, 2025 IL 129965, ¶¶ 39, 46 ("[t]he *Bruen* Court expressly declared shall-issue licensing regimes facially constitutional under the second amendment because they *** turn on objective criteria"); *Hatcher*, 2024 IL App (1st) 220455, ¶ 61 ("[t]his court has held that, under *Bruen*, Illinois's FOID Card Act and Firearm Concealed Carry

Act are not facially unconstitutional"); *Thompson*, 2024 IL App (1st) 221031, ¶ 28 ("the *Bruen* Court was clear and precise in its reasoning to specifically exclude objective, shall-issue statutory licensing regimes from its decision"); *Richardson*, 2024 IL App (1st) 221508-U, ¶ 16 ("[t]his court has held the AUUW statute comports with the second amendment" and "we reject *** defendant's argument that footnote 9 in *Bruen* is mere *dicta*"); *Allison*, 2024 IL App (1st) 230395-U, ¶ 11 ("*Bruen* itself essentially condoned the constitutionality of Illinois' gun licensing regime"); *Gunn*, 2023 IL App (1st) 221032, ¶ 32 ("shall-issue regimes *** do not prevent citizens from exercising their second amendment rights").

¶ 22    Moreover, our supreme court stated that *Bruen*'s footnote shall not be diminished as *dicta* because "the location, whether in the text or in a footnote, of something which the writer of an opinion thinks should be said, is a matter of style which must be left to the writer." *Thompson*, 2025 IL 129965, ¶ 40 (quoting *Phillips v. Osborne*, 444 F.2d 778, 782 (9th Cir. 1971)). Moreover, *Bruen*'s deliberate distinction between shall-issue and may-issue licensing regimes and exclusion of shall-issue licensing regimes from its decision suggests the footnote is not *dicta* and shall not be disregarded in our analysis. See *Thompson*, 2024 IL App (1st) 221031, ¶ 28.

¶ 23    Defendant has not provided compelling arguments to warrant this court's departure from the cases holding the challenged provision and related provisions of the AUUW statute constitutional. Therefore, following *Thompson* and other appellate cases, we find that defendant's facial challenge to section 24-1.6(a)(1), (3)(A-5) of the AUUW statute fails.

¶ 24    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 25    Affirmed.