2024 IL App (1st) 231277-U

No. 1-23-1277

Order filed November 12, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 21 CR 1529 |
| MICHAEL LEWIS, | ) ) | Honorable Sophia Atcherson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's order denying defendant's petition for relief from judgment is affirmed where the statute under which he was convicted is not unconstitutional on its face.

¶ 2    Defendant Michael Lewis appeals from the denial of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). On appeal, defendant contends that his conviction is unconstitutional on its face under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3       Defendant was charged with, *inter alia*, aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2020)). In particular, the indictment alleged that defendant had not been issued a currently valid license under the Firearm Concealed Carry Act (Concealed Carry Act) (430 ILCS 66/1 *et seq.* (West 2020)), and defendant qualified for Class 2 sentencing due to a prior felony conviction (720 ILCS 5/24-1.6(d)(3)).

¶ 4       On December 9, 2021, defendant pleaded guilty to one count of Class 2 AUUW in exchange for five years' imprisonment, consecutive to the 5-year sentence imposed for possession of a controlled substance in circuit court case number 19 CR 15025. The factual basis for defendant's plea established that, on January 14, 2021, police officers responded to a call at Avis Car Rental in Franklin Park, Illinois, where defendant, who had an active warrant, possessed a loaded firearm. The State would have presented evidence that defendant had been convicted under circuit court case number 14 CR 15720 for possession of a stolen motor vehicle. Defendant did not file a direct appeal.

¶ 5       On December 14, 2022, defendant filed a petition for relief from judgment arguing that his AUUW conviction was void under *People v. Aguilar*, 2013 IL 112116.

¶ 6       On May 19, 2023, the circuit court denied defendant's petition in a written order. The court found that *Aguilar* did not apply to defendant's Class 2 AUUW conviction premised on a prior felony conviction.

¶ 7       Defendant filed a motion seeking leave to file a late notice of appeal on July 18, 2023, which this court granted on July 24, 2023.

¶ 8      On appeal, defendant argues that the AUUW statute is unconstitutional on its face under the second amendment to the United States Constitution because the statute fails under the new framework set forth in *Bruen*.

¶ 9      Here, defendant was convicted of AUUW under sections 1.6(a)(1) and (3)(A-5) of the statute, which provide that "[a] person commits the offense of aggravated unlawful use of a weapon when he or she knowingly: (1) carries on or about his person or in any vehicle or concealed on or about his person *** any *** firearm," and "(A-5) *** has not been issued a currently valid license under the Firearm Concealed Carry Act." 720 ILCS 5/24-1.6 (a)(1), (3)(A-5) (West 2020).

¶ 10     Section 2-1401 of the Code is a civil remedy that extends to criminal cases and provides a statutory mechanism for vacating final judgments more than 30 days from their entry. 735 ILCS 5/2-1401 (West 2020); *People v. Stoecker*, 2020 IL 124807, ¶ 18. More specifically, a section 2-1401 petition is the means by which "to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000).

¶ 11     "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). A section 2-1401 petition is "not designed to provide a general review of all trial errors nor to substitute for direct appeal." (Internal quotation marks omitted.) *Haynes*, 192 Ill. 2d at 461. A trial court may *sua sponte* dispose of a section 2-1401 petition when it is clear on its face that the defendant is not entitled to relief as a matter of law. *Vincent*, 226 Ill. 2d at 12.

Where a section 2-1401 petition was decided without an evidentiary hearing, we review *de novo* the circuit court's judgment. *Id*. at 18.

¶ 12    Likewise, we review *de novo* the constitutionality of a statute. *People v. Ligon*, 2016 IL 118023, ¶ 11. In analyzing a challenge to the constitutionality of a statute, "we begin with the presumption that the statute is constitutional and that, if reasonably possible, this court must construe the statute so as to affirm its constitutionality and validity." *Id*.

¶ 13    A party raising a facial challenge to the constitutionality of a statute "faces a particularly heavy burden," because "[a] statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid." *People v. Bochenek*, 2021 IL 125889, ¶ 10. Therefore, a facial challenge fails if any situation exists where the statute could be validly applied. *People v. Davis*, 2014 IL 115595, ¶ 25.

¶ 14    The second amendment provides: "A well regulated Milita, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In 2008, the United States Supreme Court issued its decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), holding that the second amendment elevated "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635. The second amendment applies to the States through the fourteenth amendment of the United States Constitution. *McDonald v. City of Chicago*, 561 U.S. 742, 778 (2010).

¶ 15    Under *Heller* and *McDonald*, courts developed a two-step test to assess second amendment challenges to firearm regulations. See *People v. Smith*, 2024 IL App (1st) 221455, ¶ 11. First, the government could justify the regulation by establishing that the regulated activity fell outside the scope of the second amendment as it was originally understood. *Id*. If the conduct fell beyond the

second amendment's original scope, it was "categorically unprotected." *Id*. Otherwise, the court would progress to the second step and conduct a "means-end analysis" where the court weighed the severity of the regulation against the ends the government sought to achieve. *Id*.

¶ 16    In *Bruen*, the United States Supreme Court announced a new analytical framework for evaluating the constitutionality of firearm regulations under the second amendment. *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 68 (citing *Bruen*, 597 U.S. at 17). Under *Bruen*, a court must first determine whether "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 597 U.S. at 24; *Brooks*, 2023 IL App (1st) 200435, ¶ 69. If it does, then the Constitution "presumptively protects that conduct" and the government must justify the regulation by showing that it is consistent with the nation's historical tradition of firearm regulation. *Bruen*, 597 U.S. at 24; *Brooks*, 2023 IL App (1st) 200435, ¶ 69. To make this showing, the government must point to historical precedent which establishes what the founders understood the second amendment to mean. *Bruen*, 597 U.S. at 24-25; *Brooks*, 2023 IL App (1st) 200435, ¶ 70.

¶ 17    Initially, the State argues that defendant cannot transform his facial unconstitutionality claim premised upon *Aguilar* into a facial unconstitutionality claim based upon *Bruen* for the first time on review. The State contends that defendant could have chosen to present a *Bruen* claim to the circuit court, and because he did not do so, we should honor his procedural default. See *Caulkins v. Pritzker*, 2023 IL 129453, ¶¶ 41-43. However, a challenge to the constitutionality of a statute may be raised at any time. See *In re M.I.*, 2013 IL 113776, ¶ 39 (reviewing respondent's *Apprendi* claim which was first raised in the opening brief before the supreme court). Thus, we will address defendant's *Bruen* claim on the merits.

¶ 18    Defendant contends that under *Bruen*, the second amendment "presumptively guarantees" his right to bear arms in public for self-defense and the valid license requirement under the Concealed Carry Act is not consistent with the historical tradition of firearm regulation. A different panel of this court rejected this same argument in *People v. Gunn*, 2023 IL App (1st) 221032, and we agree with its reasoning.

¶ 19    In *Gunn*, this court interpreted *Bruen* in the context of AUUW and determined that *Bruen* does not apply to cases regarding the FOID Card Act or the Concealed Carry Act, because the strictures of both statutes, background checks and completion of a firearms training course, were expressly authorized by the Supreme Court in *Bruen*. *Id.* at ¶¶ 19, 27. Specifically, as to the Concealed Carry Act, the court pointed out that "the State does not have any discretion to deny a CCL to an applicant who fulfills [the] objective criteria[,]" and thus, it is a shall-issue statutory scheme that "mandates issuance of *** CCLs within the framework of what has always been historically acceptable in the United States." *Id.* at ¶ 22. Additionally, we found it unnecessary to engage in a historical analysis to determine whether the Concealed Carry Act's 90-day waiting period and $150 renewal fee every five years were constitutional because they did not constitute a "lengthy" wait time or an "exorbitant fee" as defined by *Bruen*. *Id.* ¶ 28; see *Bruen*, 597 U.S. at 38 n.9 (noting that "shall-issue" licensing regimes, such as Illinois, have "narrow, objective, and definite standards" for licensing officials; however, constitutional challenges to abusive permitting schemes in shall-issue regimes could be possible where "lengthy wait times in processing licensing applications or exorbitant fees deny ordinary citizens their right to public carry"). We follow *Gunn* and therefore conclude that the section in the AUUW statute under which defendant was convicted is not facially unconstitutional and *Bruen* does not provide a basis to invalidate it. *Id.* ¶ 32; see

*People v. Burns*, 2024 IL App (4th) 230428, ¶¶ (following *Gunn* and concluding that the AUUW statute is facially constitutional under *Bruen*); *People v. Hatcher*, 2024 IL App (1st) 220455 (same).

¶ 20    Defendant nevertheless contends that *Gunn* was wrongly decided because the court did not undertake any historical analysis or establish a historical tradition of criminal punishment as required by *Bruen*. Defendant cites to the Seventh Circuit case, *Atkinson v. Garland*, 70 F. 4th 1018, 1022 (7th Cir. 2023), which found that the district court sidestepped a rigorous historical analysis as required by *Bruen* in dismissing the plaintiff's case. The *Atkinson* court vacated the district court's order and remanded to the district court for further proceedings. *Id*. at 1025.

¶ 21    Although enlightening, "[f]ederal cases are not binding authority in our state courts." *Illinois State Toll Highway Authority v. Amoco Oil Company*, 336 Ill. App. 3d 300, 317 (2003). Similarly, "the opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels." *O'Casek v. Children's Home and Aid Soc. of Illinois*, 229 Ill. 2d 421, 440 (2008). Nonetheless, we find the decision in *Gunn*, as well as those cases following *Gunn*, well-reasoned, and unless instructed otherwise by our supreme court, we decline to depart from that decision.[1] Thus, we do not find that the AUUW statute is unconstitutional on its face.

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 23    Affirmed.

---

[1] The Illinois Supreme Court has allowed a petition for leave to appeal in a case involving this precise issue. *People v. Thompson*, 2023 IL App (1st) 220429-U, *appeal allowed*, No. 129965 (Ill. Nov. 29, 2023).