2025 IL App (1st) 231492-U

No. 1-23-1492

Order filed June 11, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 10320 |
| | ) | |
| MARVIN WARREN, | ) | Honorable |
| | ) | Michael R. Clancy, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Denial of defendant's petition for relief from judgment affirmed where the aggravated unlawful use of a weapon statute is not facially unconstitutional.

¶ 2    In 2022, defendant Marvin Warren pled guilty to aggravated unlawful use of a weapon (AUUW) for possessing a firearm without a valid Firearm Owner's Identification (FOID) card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2018)) and aggravated assault (720 ILCS 5/12-2(c)(6) (West 2018)). Pursuant to the negotiated plea agreement, the trial court sentenced defendant to 15

years in prison on the AUUW count and 6 years in prison on the aggravated assault count, to be served concurrently. Defendant subsequently filed *pro se* a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)), asserting that the section of the AUUW statute underlying his conviction was unconstitutional. Defendant appeals the dismissal of his petition, contending that the section of the AUUW statute prohibiting possession of a firearm without a valid FOID card violates the second amendment to the United States Constitution (U.S. Const., amend. II) under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). We affirm.[1]

¶ 3    The factual basis proffered by the State and stipulated to by defendant established that on July 4, 2018, at approximately 10 p.m., police observed defendant discharging a firearm toward a crowd of people near the 4000 block of West Lake Street in Chicago. Chicago police officer Curtis Alequin exited his patrol vehicle and pursued defendant on foot. Defendant turned and pointed the firearm toward Alequin. Then, defendant dropped the firearm in an alley and ran until he was arrested by other officers. Additional officers recovered a loaded semiautomatic handgun in the alley. Defendant did not have a valid FOID card at the time of the offense and was a convicted felon.

¶ 4    On February 15, 2023, defendant filed *pro se* the petition for relief from judgment at issue here, seeking to vacate his AUUW conviction. In his petition, defendant argued, *inter alia*, that the section of the AUUW statute under which he was convicted was facially unconstitutional for violating the second amendment of the United States Constitution. In denying defendant's petition,

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

the circuit court issued a written order stating that the AUUW statute does not violate the Second Amendment because the statute "is not a 'flat ban' on carrying or possessing a firearm."

¶ 5 On appeal, defendant contends that the court erred in denying his section 2-1401 petition, because the section of the AUUW statute under which he was convicted is facially unconstitutional in violation of the Second Amendment under the test articulated in *Bruen* and clarified in *Rahimi*.

¶ 6 Under section 2-1401, a defendant can petition to vacate a final judgment after 30 days from its entry. *People v. Abdullah*, 2019 IL 123492, ¶ 13. Generally, the petition must be filed within two years of the entry of the final judgment. 735 ILCS 5/2-1401(c) (West 2022). However, a defendant may raise a claim that a statute is facially unconstitutional at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32. We review a trial court's dismissal of a section 2-1401 petition *de novo*. *People v. Carter*, 2015 IL 117709, ¶ 13.

¶ 7 A defendant challenging the constitutionality of a statute carries "the heavy burden" to rebut the strong judicial presumption that statutes are constitutional. (Internal quotation marks omitted.) *People v. Rizzo*, 2016 IL 118599, ¶ 23. Courts have a duty to uphold the constitutionality of a statute whenever reasonably possible and to resolve doubts in favor of its validity. *Id*. Here, defendant raises a facial challenge to the AUUW statute, which requires defendant to show the statute is unconstitutional under any set of facts; the specific facts relating to him are irrelevant. *Thompson*, 2015 IL 118151, ¶ 36. If a situation exists in which the statute could be validly applied, a facial challenge must fail. *Rizzo*, 2016 IL 118599, ¶ 24. Whether a statute is constitutional is a question of law we review *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9.

¶ 8 Defendant was charged with violating section 24-1.6(a)(1) of the AUUW statute, which provides, in pertinent part, that an individual commits AUUW when he knowingly "[c]arries on or

about his or her person *** except when on his or her land or in his abode, legal dwelling, or fixed place of business *** any pistol, revolver, *** or other firearm," and an additional factor is present. 720 ILCS 5/24-1.6(a)(1) (West 2018). Here, the additional factor was that defendant possessed a firearm without a valid FOID card. *Id.* § 24-1.6(a)(1), (a)(3)(C). The FOID Card Act (430 ILCS 65/2(a) (West 2018)) requires a person to obtain a FOID card before legally possessing a firearm. An applicant may only be denied a FOID card when he has one of the disqualifying factors, such as a felony conviction. *Id.* § 8(c).

¶ 9    The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

¶ 10    The United States Supreme Court has construed the language of the Second Amendment to "protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 597 U.S. at 8 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010)). Nevertheless, it has recognized that an individual's Second Amendment right is not unlimited. *Heller*, 554 U.S. at 626.

¶ 11    In *Bruen*, the Supreme Court adopted a new historical analysis test for evaluating the constitutionality of firearm regulations. *Bruen*, 597 U.S. at 17, 24. Under *Bruen*'s analytical framework, a court must first consider whether the plain text of the Second Amendment covers the individual's conduct. *Id.* at 32-33. If it does, the government must then identify historical precedent, focusing on what the founders understood the Second Amendment to mean. *Id.* at 27, 34-35. If the challenged regulation is inconsistent with the historical tradition, then it violates the Second Amendment. *Id.* at 27, 38-39.

¶ 12    Subsequently, in *Rahimi*, the Supreme Court explained that "*Bruen* was not intended to suggest a focus on whether the defendant is engaged in non-lawful conduct in determining whether that conduct falls within the scope of the second amendment." *People v. Doehring*, 2024 IL App (1st) 230384, ¶ 24 (citing *Rahimi*). The Court rejected the suggestion that an individual's Second Amendment rights are contingent on his status as a responsible individual. *Id.* ¶ 25. The Court "immediately proceeded to conduct a historical analysis to determine whether [a] firearm restriction" against the petitioner, who was subject to a domestic violence restraining order and had been found to pose "a credible threat to the physical safety of his girlfriend and child," was permissible. (Internal quotation marks omitted.) *Id.* In finding the firearm restriction constitutional, the Court clarified that it is sufficient for the government to provide a "relevantly similar" historical regulation. (Internal quotation marks omitted.) *Id.* ¶ 27.

¶ 13    Defendant argues that under the Supreme Court's analytical directives in *Bruen* and *Rahimi*, Second Amendment protections apply to "all Americans" and the subsection of the AUUW statute requiring a valid FOID card is not "analogous enough" to regulations that existed at the time of the nation's founding. He also contends that the AUUW statute imposes an onerous licensing regime that infringes on an individual's Second Amendment rights. Defendant asserts he was convicted under an unconstitutional provision of the AUUW statute that deems his right to keep and bear arms a felony only because he had not been issued a license.

¶ 14    Even presuming that defendant's possession of a firearm falls within the scope of the Second Amendment protections, defendant's facial challenge to the FOID card requirement fails. See *id.* ¶ 26 (finding that the circumstances surrounding the carrying of a firearm are not relevant in determining whether the conduct falls within Second Amendment protections).

¶ 15    This court has repeatedly found that section 24-1.6(a)(1), (a)(3)(C) of the AUUW statute is not facially unconstitutional. See *People v. Norvell*, 2025 IL App (1st) 231728-U, ¶ 14 (stating that "[i]n the wake of *Bruen*, Illinois courts of review have uniformly rejected second-amendment challenges to the validity of convictions based on subsections (a)(1) and (a)(3)(C) of the AUUW statute"). The bases for finding the statute facially constitutional vary. See *id.* (collecting cases). We find persuasive the line of cases reasoning that the challenged statute is facially constitutional because it can be validly applied in some circumstances. See *id.* ¶ 15; *People v. Nelson*, 2024 IL App (1st) 231500-U, ¶¶ 25-26; *Doehring*, 2024 IL App (1st) 230384, ¶ 28; *People v. Mofreh*, 2024 IL App (1st) 230524-U, ¶¶ 50-51.

¶ 16    In *Mofreh*, this court analyzed *Rahimi* and considered the Supreme Court's reasoning in finding that the challenged federal statute regulating firearm possession was facially constitutional because " '[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others.' " *Mofreh*, 2024 IL App (1st) 230524-U, ¶ 49 (quoting *Rahimi*, 602 U.S. at 700). The *Mofreh* court noted that the Illinois State Police had the authority to deny a FOID card to a person or revoke and seize a previously issued card " 'only if the Illinois State Police finds that the applicant or the person for whom such card was issued is or was at the time of issuance *** [a] person who is prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute *or by federal law*.' " (Emphasis in original.) *Id.* ¶ 50 (quoting 430 ILCS 65/8(n) (West 2020)). Given that the individual subject to the federal law at issue in *Rahimi* "is just such a person" referenced in the statute, the *Mofreh* court found at least one situation in which it would be constitutional under the Second Amendment to deny the issuance of a FOID card and the facial challenge to the statute must therefore fail. *Id.*

¶¶ 50-51. We find no basis to depart from this well-reasoned analysis in rejecting a facial challenge to subsections (a)(1) and (a)(3)(C) of the AUUW statute and adopt the same reasoning to find that defendant's facial challenge to the AUUW statute must fail. See *Doehring*, 2024 IL App (1st) 230384, ¶ 28.

¶ 17     Defendant also asserts that the FOID Card Act's requirements to obtain a license create an unreasonable burden on the exercise of the Second Amendment and have no historical support. However, this court has already considered and rejected this contention. In *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 19, we noted that *Bruen* "explicitly acknowledged that background checks, which are the cornerstone of the FOID Card Act, are permissible." The *Gunn* court also determined that a historical analysis of firearm regulation was not needed because "the Supreme Court has already done so and explicitly sanctioned the use of background checks." *Id*. Following *Gunn*, this court has repeatedly rejected other facial challenges to the AUUW statute on the grounds that the requirements to obtain a FOID card are too burdensome. See, *e.g.*, *People v. Harris*, 2024 IL App (1st) 230122-U, ¶¶ 40, 48 (rejecting a challenge to the AUUW statute alleging that it imposes an " 'onerous dual-licensing regime' "); *People v. Noble*, 2024 IL App (3d) 230089-U, ¶ 16 (finding the FOID Card Act's 30-day processing window and nominal application fee do not "unduly burden the right to bear arms"); *People v. Richardson*, 2024 IL App (1st) 221508-U, ¶ 16 (rejecting the defendant's argument that the AUUW's "regulations are too onerous" and finding "the United States Supreme Court has specifically endorsed such regulations"); *People v. Lewis*, 2024 IL App (1st) 231277-U, ¶¶ 19, 27 (finding "the strictures of both [the FOID Card Act and the Concealed Carry Act], background checks and completion of a firearms training course, were expressly authorized by the Supreme Court in *Bruen*"); *People v. Kuykendoll*, 2023 IL App (1st) 221266-U,

¶ 27 (finding that the wait time for the issuance of a FOID card of within 30 days and the $10 fee not to be unconstitutional).

¶ 18 For the foregoing reasons, we affirm the circuit court's denial of defendant's petition for relief from judgment as defendant has not shown that section 24-1.6(a)(1), (a)(3)(C) of the AUUW statute is facially unconstitutional.

¶ 19 Affirmed.