2025 IL App (1st) 190902-U

No. 1-19-0902

First Division
June 30, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 17 CR 8421 |
| | ) | |
| LORENZO DAVIS JR., | ) | Honorable |
| | ) | Michael J. Kane, |
| Defendant-Appellant. | ) | Judge presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1   *Held*: Defendant's conviction for aggravated unlawful use of a weapon is affirmed over his contention that various provisions of the AUUW statute are facially unconstitutional as violations of the second amendment.

¶ 2    Following a 2019 bench trial, defendant Lorenzo Davis Jr. was convicted on eight counts of aggravated unlawful use of a weapon (AUUW) and sentenced to 14 months in prison.[1] He now appeals, arguing that several provisions of the AUUW statute under which he was convicted are facially unconstitutional. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4    The facts of this case are not in dispute. Defendant was charged with eight counts of AUUW for possessing a firearm in public while (1) not having been issued a concealed carry license (CCL) (counts I, II, V, and VI); (2) not having been issued a Firearms Owner's Identification (FOID) card (counts I, III, and VII); and (3) being under the age of 21 and not engaged in certain excepted activities (counts IV and VIII).

¶ 5    The evidence presented at trial established that on May 15, 2017, Sergeant John Piechocki was monitoring live footage from a police observation device (POD) camera in the area of 93rd Street and Dobson Avenue in Chicago. At around 8 p.m., Piechocki observed defendant walking down the street while "adjust[ing] something in the front left part of his waistband." Based on Piechocki's experience as a police officer, he believed defendant might be concealing a firearm. Defendant then turned onto Greenwood Avenue, where he again adjusted the same part of his waistband. Defendant next approached a silver Oldsmobile parked on the side of the street. He opened the rear passenger door, leaned forward while motioning to the same area of his waistband, and briefly reached inside the car. Defendant then looked around several times, locked the car with a key fob in his possession, and continued walking.

_____

[1] We note that the legislature recently changed the name of this offense to "aggravated unlawful possession of a weapon." 720 ILCS 5/24-1.6(a) (West Supp. 2025). However, we will refer to the offense by its previous name because that is the version under which defendant was prosecuted.

¶ 6    Piechocki alerted officers on the street to what he observed on the POD camera, and those officers located and detained defendant nearby. Officers also approached the Oldsmobile and observed a loaded semiautomatic pistol on the rear floorboard. Police recovered the firearm using the keys found on defendant's person.

¶ 7    The State introduced evidence showing that defendant was the registered owner of the Oldsmobile. The State also introduced defendant's birth certificate showing that he was 18 years old on the day of his arrest. Finally, the parties stipulated that defendant had not been issued a valid FOID card or CCL.

¶ 8    Based on this evidence, the trial court found defendant guilty on all counts. The court later merged counts II through VIII into count I and sentenced defendant to 14 months in prison on count I. This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant argues only that the subsections of the AUUW statute under which he was convicted are facially unconstitutional pursuant to the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

¶ 11    This court presumes that all statutes are constitutional. *People v. Coty*, 2020 IL 123972, ¶ 10. We will therefore construe a statute in a way that preserves its constitutionality where reasonably possible to do so. *People v. Bochenek*, 2021 IL 125889, ¶ 10. A party challenging a statute must overcome this presumption of constitutionality by clearly establishing that the statute violates the constitution. *Id.* This burden is particularly heavy where, as here, the party raises a facial challenge to the constitutionality of a statute. *People v. Eubanks*, 2019 IL 123525, ¶ 34. A facial challenge will succeed only if the challenger can demonstrate that the statute is unconstitutional under any set of facts, *i.e.*, that there are no circumstances in which the statute

could be validly applied. *People v. Rizzo*, 2016 IL 118599, ¶ 24. Although defendant did not challenge the constitutionality of the AUUW statute in the trial court, we may consider a facial challenge even when raised for the first time on appeal. *People v. Villareal*, 2023 IL 127318, ¶ 13. We review the constitutionality of a statute *de novo*. *Id.* ¶ 14.

¶ 12   The second amendment to the United States Constitution provides that, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the United States Supreme Court interpreted the second amendment as establishing an individual's right to keep and bear arms firearms for self-defense. The Court has also held that the second amendment right to keep and bear arms is fully applicable to the states via the fourteenth amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010). Thus, the right of an ordinary, law-abiding Illinois citizen to carry a firearm is generally protected by the second amendment. However, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Heller*, 554 U.S. at 626.

¶ 13   In 2022, the Court decided *Bruen*, which "fundamentally changed our analysis of laws that implicate the second amendment." *Sinnissippi Rod & Gun Club, Inc. v. Raoul*, 2024 IL App (3d) 210073, ¶ 37. *Bruen* articulated a new two-step framework for evaluating whether a particular firearm regulation violates the second amendment. First, a court asks whether the conduct at issue is covered by the plain text of the second amendment. *Bruen*, 597 U.S. at 24. If it is, then "the Constitution presumptively protects that conduct." *Id.* At the second step, the government must then overcome that presumption by demonstrating that "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* The government can carry this burden by identifying a reasonably similar historical analog to the regulation at issue. *Id.* at 30. However, if

the government cannot show that the regulation is consistent with the country's historical tradition, then the regulation violates the second amendment. *Id.*

¶ 14    In this case, defendant was convicted of possessing a firearm in violation of subsections (a)(1), (a)(3)(A-5), and (a)(3)(C) of the AUUW statute. The statute provides in relevant part that:

"(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person *** any pistol, revolver, stun gun or taser or other firearm; ***

*** and

(3) One of the following factors is present:

\* \* \*

(A-5) the pistol, revolver, or handgun possessed was uncased, loaded, and immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act; or

\* \* \*

(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card[.]" 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C) (West 2018).

¶ 15    Defendant argues that these subsections are facially unconstitutional because the State cannot point to any reasonably similar historical analog to show that they are consistent with the historical tradition. We disagree.

¶ 16    Unfortunately for defendant, he is far from the first person to challenge the validity of the AUUW under the test announced in *Bruen*. This court has already considered and repeatedly rejected the argument that subsections (a)(3)(A-5) and (a)(3)(C) are facially unconstitutional. For example, in *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 57, this court ruled that possession of a firearm without a FOID card or CCL falls outside the plain text of the second amendment because such conduct would also necessarily be in violation of civil prohibitions on the unlicensed possession or carrying of a firearm. In *People v. Gunn*, 2023 IL App (1st) 221032, ¶¶ 19-23, we rejected facial challenges to the constitutionality of the FOID Card and CCL requirements without engaging in an historical analysis because in *Bruen* "the [United States] Supreme has already done so and explicitly sanctioned" shall-issue licensing regimes like the one in Illinois. See *Bruen*, 597 U.S. at 38 n. 9 (stating that, "nothing in our analysis should be interpreted to suggest" that shall-issue licensing regimes are unconstitutional). Numerous other cases have also held that subsections (a)(3)(A-5) and (a)(3)(C) are not facially unconstitutional for the same or similar reasons. See, *e.g.*, *People v. Daniels*, 2025 IL App (1st) 230823, ¶ 30; *People v. Doehring*, 2024 IL App (1st) 230384, ¶ 28; *People v. Warren*, 2025 IL App (1st) 231492-U, ¶¶ 15-18; *People v. Norvell*, 2025 IL App (1st) 231728-U, ¶¶ 14-18; *People v. Trotter*, 2025 IL App (1st) 231566-U, ¶¶ 14-19; *People v. Lewis*, 2024 IL App (1st) 231277-U, ¶18-21. Although defendant contends that these cases were wrongly decided, he does not provide any new or compelling reason for us to depart from our precedent. Accordingly, we follow *Hatcher*, *Gunn*, and many other cases in holding that subsections (a)(3)(A-5) and (a)(3)(C) of the AUUW statute are not facially unconstitutional.

¶ 17    We further note that defendant also raises a facial challenge to the constitutionality of subsection (a)(3)(I) of the AUUW statute, which criminalizes the possession of a handgun by a person under 21 years of age who is not engaged in certain excepted activities such as hunting or

practicing at an established shooting range. 720 ILCS 5/24-1.6 (a)(3)(I) (West 2018). However, as defendant seemingly concedes, we cannot reach the merits of this argument because the trial court merged its findings of guilt into count I and thus did not sentence defendant for violating subsection (a)(3)(I). See *People v. Jamison*, 2018 IL App (1st) 160409, ¶ 37 (appellate court lacks jurisdiction to address merged, unsentenced counts because there is no final judgment on a count until a sentence is imposed on that count).

¶ 18    Even so, defendant also argues that his status as a young adult under the age of 21 is relevant to his convictions under subsections (a)(3)(A-5) and (a)(3)(C). In particular, he notes that in order for a person under 21 to obtain a FOID Card, the person must (1) not have been adjudicated delinquent or convicted of a non-traffic-related misdemeanor and (2) obtain written permission from a parent or guardian who is themselves eligible to have a FOID card. See 430 ILCS 65/4(a)(2)(i) (West 2018). Additionally, a person cannot obtain a CCL unless he is at least 21 years of age and already possesses a valid FOID Card. 430 ILCS 66/25 (1-2) (West 2018).

¶ 19    Defendant argues that these restrictions on a young adult's right to possess a firearm render the AUUW statute facially unconstitutional under *Bruen*. However, this argument fails for at least two reasons. First, as previously explained, a defendant raising a facial challenge to a statute must show that the statue cannot be validly applied under any circumstances. *Rizzo*, 2016 IL 118599, ¶ 24. Even one factual scenario in which a statute passes constitutional muster is sufficient to defeat a facial challenge like defendant's. *Id.* Because this court has already held that subsections (a)(3)(A-5) and (a)(3)(C) can be validly applied in certain circumstances, defendant's argument necessarily fails.

¶ 20    In any event, our supreme court has upheld the challenged provisions of the AUUW statute with specific regard to those under 21. *People v. Mosley*, 2015 IL 115872, ¶ 38 ("[W]e conclude

that *** neither subsection (a)(3)(C), nor subsection (a)(3)(I) violates the second amendment rights of [the] defendant or other 18-to-20-year-old persons."); see also *In re Jordan G.*, 2015 IL 116834, ¶ 25 (following *Mosley* and rejecting facial challenge to subsections (a)(3)(C) and (a)(3)(I)). Defendant responds that this precedent predates *Bruen* and should be abandoned because it did not apply the history-centric test announced in *Bruen*. We also note that we allowed defendant to cite as additional authority *Reese v. Bureau of Alcohol. Tobacco, Firearms, and Explosives*, 127 F.4th 583, 600 (5th Cir. 2025), where, after conducting its own historical analysis, the Fifth Circuit Court of Appeals concluded that 18-to-21-year-olds are part of "the people" whose right to keep and bear arms is protected by the second amendment.

¶ 21     However, this court has no authority to overrule the decisions of our supreme court. *Hatcher*, 2024 IL App (1st) 220455, ¶ 58. Defendant's reliance on *Reese* does not persuade us otherwise, as decisions from federal courts other than the United States Supreme Court are not binding on Illinois courts. *Wilson v. County of Cook*, 2012 IL 112026, ¶ 30. Regardless, we have also already repeatedly found that our supreme court based its decisions in *Mosley* and *Jordan G.* on an historical analysis consistent with the *Bruen* framework. *Doehring*, 2024 IL App (1st) 230384, ¶ 31*; People v. Thompson*, 2024 IL App (1st) 221031, ¶ 35; *Hatche*r, 2024 IL App (1st) 220455, ¶ 58. Again, defendant gives us no reason to depart from this finding. In accord with our precedent, we therefore find that the AUUW statute is not unconstitutional with respect to those under the age of 21.

¶ 22                                III. CONCLUSION

¶ 23     For the reasons stated, we affirm the judgment of the circuit court.

¶ 24     Affirmed.