2025 IL App (1st) 240406-U

SIXTH DIVISION

August 8, 2025

No. 1-24-0406

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | No. 20 CR 0856201 |
| SHEMAR BARBER, | ) ) | Honorable |
| Petitioner-Appellant. | ) ) ) | Steven G. Watkins, Judge presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Tailor and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1     *Held:*    We affirm the denial of petitioner's 735 ILCS 5/2-1401 petition where the aggravated unlawful use of a weapon statute does not violate the second amendment of the United States Constitution.

1

¶ 2     After a negotiated plea, Petitioner Shemar Barber was convicted of one count of aggravated unlawful use of a weapon (AUUW) 720 ILCS 5/24-1.6(a)(3)(A-5) (2020), for possessing a firearm without a valid Firearm Owner's Identification (FOID) card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2020)). He was sentenced to one year imprisonment. Barber subsequently filed a section 2-1401 (735 ILCS 5/2-1401) petition for relief from judgment. He now appeals the circuit court's denial of the petition. For the forgoing reasons we affirm.

¶ 3                                   I. BACKGROUND

¶ 4     On August 13, 2020, at approximately 12:43 a.m., Sergeant Johnson and other Chicago Police Department (CPD) officers were patrolling the 2100 block of West 73rd Street. Johnson observed Barber standing next to a black Dodge Challenger, with two individuals seated inside the vehicle. Johnson noticed Barber holding his waistband area. When Barber saw Johnson watching him, he quickly bent down toward the vehicle's passenger side window. Johnson approached Barber to conduct a field interview based on his concern that Barber might be concealing a firearm.

¶ 5     Upon approaching, Johnson observed a large bulge in Barber's left groin area. He conducted a protective pat down and recovered a loaded blue steel Glock 22 .40 caliber semi automatic handgun. Barber was placed in custody and transported to the 7th District for processing.

¶ 6     Barber did not have a Firearm Owner's Identification Card (FOID Card) or concealed carry license. Barber was 18 years old at the time of the offense. The State emphasized that, at the time of the hearing, Barber had a pending case regarding another weapons charge.

¶ 7     Barber accepted the State's offer of a one-year sentence in the Illinois Department of Corrections. The court accepted the plea, found Barber guilty of AUUW (720 ILCS 5/24-1.6(a)(3)(A-5)), and sentenced him to one year in prison on May 20, 2021.

¶ 8    On November 30, 2023, Barber filed a *pro se* motion to vacate his conviction and render judgment void pursuant to 735 ILCS 5/2-1401. He argued that the statute under which he was convicted is "facially unconstitutional" and violates the second amendment of the United States Constitution. Barber also argued that the AUUW statute was struck down as being facially unconstitutional by the Illinois Supreme Court. On January 2, 2024, the court denied Barber's petition to vacate his conviction and render judgment void *ab initio*. In a written order, the court clarified that Barber was not convicted of 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), which was found unconstitutional, but was convicted of 720 ILCS 5/24-1.6(a)(1), (A-5) which has not been found unconstitutional. This appeal followed.

¶ 9                                II. JURISDICTION

¶ 10   The circuit court entered judgment on January 2, 2024. Late notice of appeal was allowed on February 27, 2024. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and 304(b)(3) (eff. Mar. 8, 2016).

¶ 11                                III. ANALYSIS

¶ 12    On appeal, Barber contends that §§ 4(a)(2)(i-5) and 8(b-5) of the FOID Card Act, § 25(1) of the Concealed Carry Act, and paragraphs (a)(3)(A-5) and (C) of the AUUW statute are facially unconstitutional under *New York State & Rifle Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed.2d 387 (2022). He further argues that the relevant provisions of the AUUW statute are also unconstitutional as applied to him.

¶ 13    Section 2-1401 of the Code sets forth a statutory procedure that allows final judgments to be vacated more than 30 days after entry. 735 ILCS 5/2-1401(a) (West 2022); *People v. Nelson*, 2024 IL App (1st) 231500-U, ¶ 7 (citing *People v. Stoecker*, 2020 IL 124087, ¶ 18). Denial of a

section 2-1401 petition on legal grounds is reviewed *de novo*. *People v. Abdullah*, 2019 IL 123492, ¶ 13. The constitutionality of a statute, a question of law, is also reviewed *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9.

¶ 14        A. Constitutionality of the FOID Card Act and the Concealed Carry Act

¶ 15     In challenging the constitutionality of the FOID Card Act and the Concealed Carry Act, Barber argues the holding in *Bruen* renders age-based restrictions on the right of legal adults to bear arms unconstitutional, as such restrictions are inconsistent with the nation's historical tradition of firearm regulation. He further contends that, even if these restrictions were consistent with historical tradition of firearm regulation, age-based restrictions on the rights of legal adults under the age of 21 are not.

¶ 16     We note that under the Firearm Concealed Carry Act, an individual must be at least 21 years old and possess a valid FOID card to acquire a concealed carry license. 430 ILCS 66/25(1)-(2) (West 2022). Also, the Firearm Owners Identification Card Act (FOID Card Act) prohibits minors from obtaining a FOID card without written consent from a parent or legal guardian who is eligible to obtain one. (430 ILCS 65/4(a)(2)(i) (West 2022)).

¶ 17     The *Bruen* court set forth a two-prong test to determine the constitutionality of firearm regulations: (1) whether the conduct in questions falls within the scope of the second amendment and (2) if it does, should the court assess whether the government's regulation is consistent with the nation's historical tradition of firearm regulation. *Bruen*, 597 U.S. at 18-19.

¶ 18     An individual raising a constitutional challenge to a statute bears the heavy burden of rebutting the strong judicial presumption that statutes are constitutional and must clearly establish that the statute violates the constitution. *People v. Rizzo*, 2016 IL 118599, ¶ 23. Courts are required to uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in

4

favor of validity. *Id*. A facial unconstitutional challenge demands showing that the statute is unconstitutional in all applications, rather than as applied to a particular individual. *People v. Thompson*, 2015 IL 118151, ¶ 36. If any circumstance exists in which the statute could be validly applied, the facial challenge fails. *Rizzo*, 2016 IL 118599, ¶ 24. The standard of review for a facial challenge is *de novo*. *People v. Clark*, 2014 IL 115776, ¶ 75.

¶ 19    Barber acknowledges that the *Bruen* court explicitly stated its analysis should not be interpreted to suggest the unconstitutionality of a "shall-issue" licensing regime, which do not necessarily prevent "'law-abiding, responsible citizens'" from exercising their second amendment right to public carry. *Bruen*, 597 U.S. at 38 n.9. (quoting *District of Columbia v. Heller*, 554 U.S. 570, 635, 128 S. Ct. 2783 171 L.Ed.2d 637 (2008)). Illinois operates under a "shall-issue" jurisdiction, in which the Illinois State Police shall issue a FOID card or CCL to any applicant who satisfies the statutory requirements. *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 61.

¶ 20    This court has determined under *Bruen*, the FOID Card Act and the Firearm Concealed Carry Act are not facially unconstitutional. *Id*. Our supreme court has also recently reaffirmed the facial constitutionality of "shall-issue" licensing regimes under *Bruen*. *People v. Thompson*, 2025 IL 129965, ¶ 39. In *Thompson*, the court held that "[l]icensing decisions in shall-issue states, like Illinois, turn on objective criteria, not on a licensing official's subjective opinion or an applicant's showing of some additional need for self-defense," and "[t]he *Bruen* Court expressly declared shall-issue licensing regimes facially constitutional under the second amendment because they neither give officials licensing discretion nor require the applicant to show an atypical need for self-defense. . ." *Id*. Accordingly, Barber's facial challenge fails, as the licensing schemes established by these statutes do not conflict with the Supreme Court's ruling in *Bruen*.

5

¶ 21  Barber asserts that *Bruen* challenges the decision of the Illinois Supreme Court in *People v. Mosley*, 2015 IL 115872, which upheld a prohibition on firearm possession by adults under 21. He argues that the *Mosley* court's conclusion, that "'the possession of handguns by minors . . . falls outside the scope of the second amendment's protection' is not supported by any evidence of a relevantly similar founding-era regulation restricting the possession of handguns by minors." He further claims that *Mosley* relied on historical evidence drawn from cases cited in *People v. Aguilar*, 2013 IL 112116, but the cited evidence in those cases do not establish the type of historical analogue required by *Bruen*. We disagree. In *Mosley*, our supreme court held that the AUUW statute's restriction on firearm possession by individuals under 21 not engaged in lawful hunting was constitutional. *Id*. ¶ 37. The court emphasized that "nothing like a right for minors to own and possess firearms has existed at anytime in this nation's history" and "laws banning the juvenile possession of firearms have been commonplace for almost 150 years." *Id*.

¶ 22  Even if we were to accept Barber's argument, if our supreme court has declared law on a point, only our supreme court can overrule or modify its precedent on that point. *Accuracy Firearms, LLC v. Pritzker*. 2023 IL App (5th) 230035, ¶ 40. Accordingly, under *Mosley* and *Aguilar*, age-based restrictions on firearm possession do not infringe on any right protected by the second amendment and therefore cannot be found facially unconstitutional on that basis. *Mosley*, 2015 IL 115872, ¶¶ 27-28.

¶ 23                    B. Constitutionality of the AUUW Statute

¶ 24  Barber claims the AUUW statute is both facially unconstitutional and unconstitutional as applied to him. Specifically, he challenges subsections (a)(3)(A-5) and (a)(3)(C) of the statute, arguing that these provisions are unconstitutional because they criminalize the possession of a

6

firearm by individuals who either lack a FOID card or are under 21 years of age without parental consent. 720 ILCS 5/24-1.6(a)(3)(A-5), (a)(3)(C) (West 2022).

¶ 25    As previously noted, to obtain a concealed carry license under the Firearm Concealed Carry Act, an individual must be at least 21 years old and possess a valid FOID card. 430 ILCS 66/25(1)-(2) (West 2022). Additionally, the FOID Card Act requires individuals under 21 to obtain written consent from a parent or legal guardian who is eligible to hold a FOID card. (430 ILCS 65/4(a)(2)(i) (West 2022).

¶ 26    An individual commits AUUW when the individual knowingly carries a loaded handgun and has not been issued a currently valid CCL under the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq*. (West 2022) or a currently valid FOID card. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (C) (West 2022).

¶ 27    Although both facial and as-applied constitutional challenges aim to address constitutional infirmities in a statute, they are distinct and not interchangeable. *People v. Thompson*, 2015 IL 118151, ¶ 36. A facial challenge imposes a higher burden on the challenger. *People v. Rizzo*, 2016 IL 118599, ¶ 24. To succeed, the challenger must show the statute is unconstitutional in all applications but if any valid application exists, the facial challenge must fail. *Id.* at ¶ 24. By contrast, an as-applied challenge requires the challenger to demonstrate that the statute is unconstitutional as applied to the specific facts and circumstances of his case. *People v. Harris*, 2018 IL 121932 ¶ 38. Generally, a defendant must raise an as-applied constitutional challenge at trial, where the necessary factual record can be developed. *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 57. However, if the relevant facts and circumstances are fully contained in the record, the challenge may be raised for the first time on appeal. *Id*.

¶ 28    This court has consistently held that challenges to age-based restrictions in firearms regulations, such as those found in the AUUW statute, fail under the second prong of the *Bruen* test, because the historical record reflects a longstanding tradition of regulating firearm possession by minors. *Mosley*, 2015 IL 115872, ¶ 37.

¶ 29    Barber's as-applied challenge to the AUUW statute likewise fails for the same reasons discussed above. We have recognized that age-based restrictions in the AUUW statute are grounded in historical tradition. *People v. Thompson*, 2024 IL App (1st) 221031, ¶ 35. Moreover, the *Bruen* court explicitly stated that shall-issue licensing regimes are not unconstitutional. *Bruen*, 597 U.S. at 38.

¶ 30                                    IV. CONCLUSION

¶ 31    For the foregoing reasons, we affirm the circuit court's denial of Barber's petition for relief from judgment as Barber has not shown that section (a)(3)(A-5) and (C) of the AUUW statute are unconstitutional.

¶ 32    Affirmed.