2025 IL App (1st) 240994-U

FIRST DISTRICT,
SIXTH DIVISION
August 22, 2025

No. 1-24-0994

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 21 CR 953601 |
| | ) | |
| SHEMAR BARBER, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the denial of defendant's 735 ILCS 5/2-1401 petition where the court's procedural error was harmless and the aggravated unlawful use of a weapon statute does not violate the second amendment to the United States Constitution.

¶ 2   After a negotiated plea, defendant Shemar Barber was convicted of the offense of aggravated unlawful use of a weapon[1] (AUUW) for possessing a firearm without a valid Concealed

_____

[1] Effective January 1, 2025, the of AUUW has been renamed "aggravated unlawful possession of a weapon." 720 ILCS 5/24–1.6(a) (amended by P.A. 103–822, § 20 (eff. Jan. 1, 2025)).

Carry License (CCL) and Firearm Owner's Identification (FOID) card and was sentenced to one year of imprisonment. 720 ILCS 5/24-1.6(a)(1); (a)(3)(A-5); (a)(3)(C) (West 2022). Barber subsequently filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)), asserting that the paragraphs of the AUUW statute underlying his conviction are unconstitutional. Barber appeals the denial of his petition, contending (1) he was denied due process when the circuit court denied his petition without allowing him a chance to respond to the State's oral motion and (2) the section of the AUUW statute prohibiting possession of a firearm without a valid CCL or FOID card violates the second amendment to the United States Constitution (U.S. Const., amend. II) facially and as applied to him. We affirm.

¶ 3                                                  I. BACKGROUND

¶ 4        On June 27, 2020, at approximately 12:08 a.m., Chicago Police officers were on patrol when they observed Barber standing on the sidewalk in front of 7333 South Winchester Avenue in Chicago. Officers observed Barber place "a black hard object in the front portion of his waistband and pull[] his shirt over that object." Officers recovered a two-toned teal and black nine-millimeter Glock handgun from Barber. Barber was 18 years old at the time of the offense and did not have a valid FOID card or CCL.

¶ 5        On March 14, 2024, Barber filed a *pro se* petition for relief from judgment under section 2-1401, seeking to vacate his conviction based on his claim that the AUUW statute under which he was convicted, 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C),[2] was unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116. In *Aguilar*, our supreme court found the portion of the

_____

[2] In his petition, Barber incorrectly asserts he was convicted under "720 ILCS 5/24-1.6(a)(1), (A)(3)(A)(d) (West) (2008)" [*sic*].

AUUW statute that banned the possession and use of an operable firearm for self-defense outside the home violated the second amendment. *Aguilar*, 2013 IL 112116, ¶ 21 (interpreting 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2008)).

¶ 6    When the matter came before the circuit court on March 28, 2024, only the State appeared. The court instructed the Assistant State's Attorney (ASA), "You can review this file and see if it's another *Aguilar* motion." Following a recess, the court recalled the case, "Shemar Barber which is the new *Aguilar* motion." The ASA replied, "I have reviewed that file and Mr. Barber alleges that his *Aguilar* [*sic*] conviction should be vacated due to *Aguilar*. However, this occurred after 2013 when *Aguilar* pass[ed]. His conviction pertains to an arrest that happened in 2020, so *Aguilar* would not be applicable." The circuit court summarily denied Barber's petition. Barber appeals.

¶ 7                                  II. ANALYSIS

¶ 8    On appeal, Barber claims (1) he was denied due process because the circuit court denied his section 2-1401 petition in his absence and (2) the AUUW statute under which he was convicted is unconstitutional, both facially and as applied to him, under the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We reject both arguments.

¶ 9                      A. Denial of Section 2-1401 Petition in Barber's Absence

¶ 10    Section 2-1401 authorizes a trial court to vacate or modify a final order or judgment in a civil or criminal proceeding more than 30 days after the judgment. *People v. Thompson*, 2015 IL 118151, ¶ 28. Section 2-1401 petitions are governed by the usual rules of civil practice. "As such, petitions filed thereunder are treated as complaints 'inviting responsive pleadings.' " *People v. Stoecker*, 2020 IL 124807, ¶ 18 (quoting *People v. Vincent*, 226 Ill. 2d 1, 8 (2007)). "Accordingly, the respondent may answer the petition, move to dismiss it, or choose not to file a responsive pleading." *Id.* Where a motion or responsive pleading has been filed by the respondent, "basic

notions of fairness dictate that a petitioner be afforded notice of, and a meaningful opportunity to respond to" such motion or pleading. *Id.* ¶ 20. Notice is important, and the failure to give notice and a chance to be heard is a violation of procedural due process. See *id.* ¶ 22; *People v. Wells*, 2023 IL 127169, ¶ 25. A procedural due process claim is a question of law, which we review *de novo*. *Stoecker*, 2020 IL 124807, ¶ 17.

¶ 11    In this case, Barber was not present when the court denied his petition. The State did not file a written motion seeking the denial of the petition, and Barber was not afforded an opportunity to respond to the State's oral motion to deny the petition. The parties agree the court erred in proceeding this way, but they disagree as to whether the violation of Barber's due process rights was harmless or not. In accordance with Illinois Supreme Court precedent, we hold the court's error was harmless and not reversible error. See *id.* ¶ 23; *Wells*, 2023 IL 127169, ¶ 26.

¶ 12    A due process violation is harmless where the petitioner's claim is "patently incurable" or "untenable as a matter of law," and "additional proceedings would not enable him to prevail on his claim for relief." *Stoecker*, 2020 IL 124807, ¶¶ 26, 33; *Wells*, 2023 IL 127169, ¶ 41. Barber's constitutional arguments, which have been consistently rejected by Illinois courts (as discussed below), are "patently incurable" and "untenable as a matter of law," and additional proceedings or pleadings would not allow him to prevail. Accordingly, the circuit court's denial of Barber's petition in his absence was harmless error.

¶ 13    B. Constitutionality of AUUW Statute and the FOID Card and Concealed Carry Acts

¶ 14    Barber contends sections 4(a)(2)(i-5) and 8(b-5) of the FOID Card Act (430 ILCS 65/0.01 *et seq.* (West 2020)), section 25(1) of the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq.* (West 2020)), and paragraphs (a)(3)(A-5) and (C) of the AUUW statute are facially unconstitutional under *Bruen* and unconstitutional as applied to him. We disagree.

¶ 15    Barber bears a heavy burden of rebutting the strong judicial presumption that statutes are constitutional, and he must clearly establish the statutes violate the constitution. *People v. Rizzo*, 2016 IL 118599, ¶ 23. Courts are required to uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in favor of validity. *Id*. A facial unconstitutional challenge demands showing that the statute is unconstitutional in all applications, rather than as applied to a particular individual. *People v. Thompson*, 2015 IL 118151, ¶ 36. If any circumstance exists in which the statute could be validly applied, the facial challenge fails. *Rizzo*, 2016 IL 118599, ¶ 24. The constitutionality of a statute is a question of law reviewed *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9.

¶ 16    In challenging his conviction, Barber contends the AUUW statute is unconstitutional because it criminalizes non-compliance with the FOID Card Act and Concealed Carry Act, which he claims violate the second amendment. Not so. We have consistently held that under *Bruen*, the FOID Card Act and the Concealed Carry Act are not facially unconstitutional. See *id*; *People v. Barber*, 2025 IL App (1st) 240406-U, ¶ 20; *People v. Warren*, 2025 IL App (1st) 231492-U, ¶ 15 (collecting cases). Our supreme court validated these holdings recently in *People v. Thompson*, 2025 IL 129965.

¶ 17    In *Thompson*, our supreme court reaffirmed the facial constitutionality of "shall-issue" licensing regimes like those found in the FOID Card Act and Concealed Carry Act under *Bruen*. *Id.* ¶ 39. The court stated, "[l]icensing decisions in shall-issue states, like Illinois, turn on objective criteria, not on a licensing official's subjective opinion or an applicant's showing of some additional need for self-defense," and "[t]he *Bruen* Court expressly declared shall-issue licensing regimes facially constitutional under the second amendment because they neither give officials licensing discretion nor require the applicant to show an atypical need for self-defense ***." *Id*.

¶ 18 Barber urges us to take a closer look at the Concealed Carry Act, which he describes as a may-issue licensing regime. The supreme court outright rejected this argument in *Thompson. Id.* ¶ 48. So must we. See *Yakich v. Aulds*, 2019 IL 123667 ¶ 13 (circuit and appellate courts are required to apply binding precedent from our supreme court and only our supreme court can overrule or modify its precedent). Contrary to Barber's assertions, we hold the FOID Card Act and Concealed Carry Act are not unconstitutional or void *ab initio*.

¶ 19 Barber next argues that even if we do not declare the Acts unconstitutional in their entirety, we should strike down age-based firearm restrictions for emerging adults. Just last week, in a separate appeal brought by Barber, we rejected this same argument, holding that age-based restrictions in firearms regulations fail under *Bruen* because the historical record reflects a longstanding tradition of regulating firearm possession by minors. See *Barber*, 2025 IL App (1st) 240406-U, ¶ 28 (citing *People v. Mosley*, 2015 IL 115872, ¶ 37). Barber presents nothing in this appeal that warrants a change in our decision.

¶ 20 Finally, Barber's as-applied challenge to the AUUW statute fails for the same reasons discussed above, namely, age-based restrictions in the AUUW statute are historically rooted, and the shall-issue licensing regimes of the FOID Card Act and Concealed Carry Act are not unconstitutional under *Bruen.*

¶ 21 III. CONCLUSION

¶ 22 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 23 Affirmed.